Hon. Karen **CONRAD**, Judge, Oldham Circuit Court, Division I and Berry D. Baxter, Assistant Commonwealth Attorney, 12th Judicial Circuit (Real Party in Interest), Appellants,

v.

Keith Thomas **EVRIDGE**, Appellee.

No. 2009–SC–000687–MR.

Supreme Court of Kentucky.

June 17, 2010.

Honorable Karen Conrad, Judge, Oldham Circuit Court, Oldham County Courthouse, LaGrange, KY, Appellant.

Jack Conway, Attorney General, Micah Brandon Roberts, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY,

Counsel for Real Party in Interest, Berry D. Baxter, Assistant Commonwealth Attorney, 12th Judicial Circuit.

Joseph R. Eggert, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice NOBLE.

Appellant and real party in interest, the Commonwealth of Kentucky, appeals to this Court from an order of the Court of Appeals granting a writ of prohibition to the Appellee, Keith Evridge. For the reasons set forth below, the order of the Court of Appeals is affirmed.

## I. Background

On October 16, 2003, Appellee pleaded guilty to first-degree wanton endangerment and fourth-degree assault in Oldham Circuit Court. On June 17, 2004, the court sentenced him to "2 years, split sentence 180 days to serve, balance probated 5 years." Thus, Appellant's probation was set to expire on June 17, 2009.

On February 10, 2009, the Commonwealth filed a motion to revoke Appellee's probation. Appellee stipulated that he had violated the terms of his probation, due to his use of marijuana and alcohol. It appears from the record that at the time, he was incarcerated in Carroll County on charges related to the same marijuana and alcohol use that led to the revocation motion. Consequently, on May 14, 2009, the court entered the following order:

The Defendant stipulated to violation of the terms of his probation and the Court revokes the balance of his probation following his release from incarceration in Carroll County, which probation expires June 17, 2009. The Court orders that he be confined to the Oldham County Jail from May 26, 2009, the expected date of his release from the Carroll County Jail, to June 16, 2009. The

Court does allow work release while at Oldham County Jail. . . .

On May 29, 2009, upon return to the Oldham County Jail from work release, Appellee tested positive for methamphetamine, a controlled substance. In response, on June 8, 2009, the Commonwealth filed a motion "to fully revoke the defendant's probation and remand the defendant to the Department of Corrections to serve the remainder of his two year sentence."

On June 18, one day after Appellee's probation expired, the court scheduled the revocation hearing for July 23, 2009. Upon Appellee's petition for a writ of prohibition, the Court of Appeals granted emergency intermediate relief pursuant to CR 76.36(4) to restrain the circuit court from holding the hearing.

The Court of Appeals subsequently granted the writ. The Commonwealth appeals to this Court as a matter of right. Ky. Const. § 115.

### A. Availability of the Writ

■ "[W]rits of prohibition . . . are extraordinary in nature, and the courts of this Commonwealth 'have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Kentucky Employers Mut. Ins. v. Coleman,* 236 S.W.3d 9, 12 (Ky.2007) (quoting *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky. 1961)). A writ of prohibition may be issued if the lower court is (1) acting outside its jurisdiction and there is no remedy through an application to an intermediate court, or (2) acting erroneously within its jurisdiction, great and irreparable harm would result, and there would be no adequate remedy by appeal. *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004).

■ Appellee claims that the circuit court acted outside its jurisdiction. There-

fore, this Court will review the grant of the writ of prohibition *de novo. Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky.2004).

### B. Revocation Must Occur Before the Expiration of Probation

■ Appellee's argument that the circuit court lacked jurisdiction to hold the revocation hearing is based on KRS 533.020(1). That statute provides that "if the defendant commits an additional offense or violates a condition, [the court may] revoke the sentence at any time prior to the expiration or termination of the period of probation." If probation is not revoked before it expires, "the defendant shall be deemed finally discharged." KRS 533.020(4).

This Court finds Appellee's argument persuasive. The statute states in clear and unambiguous terms that revocation must occur "prior to the expiration . . . of probation." There is no plausible interpretation other than that probation must be revoked, if at all, before the probationary period expires. The circuit court has no jurisdiction to revoke Appellee's probation, or to hold a revocation hearing, after that time. *Curtsinger v. Commonwealth,* 549 S.W.2d 515, 516 (Ky.1977).

In this case, Appellee's probation expired on June 17, 2009. After that date, Appellee was "deemed finally discharged" under KRS 533.020(4), and the court no longer had jurisdiction to revoke his probation. The revocation hearing was initially scheduled after this date, on July 23, 2009. It follows, therefore, that the court had no jurisdiction to conduct this hearing.

The Commonwealth argues that this literal interpretation of the statute would have the undesirable effect of "creat[ing] a window at the end of each probationary period in which the probationer would be free to violate his probation." It therefore

urges this Court to hold that the initiation of revocation proceedings, such as by the Commonwealth's motion, tolls the period of probation. This Court is not persuaded.

■ First and foremost, granting and revoking probation is not an inherent power in the courts, but is a power vested in the courts by statute. *E.g., Lovelace v. Commonwealth*, 285 Ky. 326, 147 S.W.2d 1029, 1033–34 (1941). Thus, this Court cannot create some common-law tolling exception to the probation statutes, as the Commonwealth urges. The statute is plain on its face, and it allows revocation only "prior to the expiration ... of probation." That did not occur in this case.

Second, even if this Court were compelled to ignore the plain meaning of the statute, the problem is not nearly as dire as the Commonwealth suggests. A probationer who commits crimes while on probation can of course still be charged with and convicted of those crimes. In fact, any felony committed while on probation could qualify the probationer as a persistent felony offender, *see* KRS 532.080(2)(c)(2), which, needless to say, is a strong disincentive. It is simply not the case that probationers will go on crime sprees in the waning hours of their probation; they are still subject to criminal prosecution, just like anyone else. In addition, probationers would benefit from this window only if the court decides the violation warrants revocation. This will often not be the case for minor violations near the end of the probationary period that do not amount to criminal offenses.

The Commonwealth also argues that this literal interpretation could result in probationers abusing the judicial process, such as by delaying or avoiding the hearing until their probation expires. This was the issue presented to this Court in *Huffines v. Commonwealth*, 2006–SC–000460–DG (Ky.2008), but it is not presented by this case.

Huffines' probation expired on February 15, 2005. Before it expired, on December 6, 2004, the Commonwealth filed a motion to revoke her probation. However, her probation was not actually revoked until after her probation had expired, on May 9, 2005. The Court of Appeals reversed in a split decision, holding that

> KRS 533.020(1) states in clear and unambiguous terms that the court may revoke probation "at any time prior to the expiration or termination of the period of probation." This language is subject to but one interpretation, that being probation must be revoked, if at all, before the probationary period expires.

*Huffines v. Commonwealth*, 2006 WL 1652868, at *1 (Ky.App.2006) (unpublished opinion). This Court granted discretionary review, but never issued an opinion resolving the issue because the justices were evenly divided; thus this Court affirmed the opinion of the Court of Appeals by way of a bare order pursuant to SCR 1.020(1)(a).[1]

But *Huffines* is different from this case in one important respect. "When [Huffines] repeatedly appeared without a lawyer even though she was represented by counsel in other simultaneous revocation proceedings, the trial court graciously permitted her to delay her hearing until she could appear with counsel." *Id.* at *2 (Henry, J., dissenting). In other words, Huffines herself was partly responsible for the hearing being held after her probation expired. Thus, that case presented the issue of whether a probationer's own delaying tactics could estop her from assert-

---

1. Chief Justice Lambert, and Justices Minton and Noble voted to affirm. Justices Cunningham, Schroder, and Scott, voted to reverse. Justice Abramson was not sitting.

ing that the revocation hearing occurred after probation expired. The dissent at the Court of Appeals complained that the majority was "permitt[ing] her to 'beat the system.'" *Id.* This no doubt concerned the members of this Court, too.

This case presents no such estoppel issue. Appellee was not in any way responsible for delaying the hearing until his probation had expired. The Commonwealth complains that a strict interpretation of KRS 533.020(1) would allow probationers to avoid revocation by "intentionally avoid[ing] the authority of the trial court … by absconding until after the probationary period expires." Such a complaint might be persuasive in a case where the probationer actually does anything remotely like that. But here, Appellee never tried to delay the hearing, abscond, or otherwise manipulate the process. The circuit court scheduled the revocation hearing on a date after his probation expired. The court could not do this.

In short, given that probation is a statutory creature, this Court is bound by the plain meaning of the probation statutes. The statutes are clear that probation must be revoked, if at all, before the probationary period expires. This Court rejects the Commonwealth's invitation to ignore this plain language.

### C. Tolling Under KRS 533.040(2)

The Commonwealth also argues that Appellee's probationary period was tolled and extended beyond its initial date of expiration on June 17, 2009, placing the scheduled July 23, 2009 hearing within the period of probation. The basis of this argument is that the court's May 8, 2009 order reinstated Appellee's probation, thus triggering tolling under KRS 533.040(2). However, because the court's order specifically states that "probation expires June

17, 2009," this Court disagrees that probation extended beyond that date.

KRS 533.040(2) provides:

If a court, as authorized by law, determines that a defendant violated the conditions of his probation or conditional discharge but reinstates probation or conditional discharge, the period between the date of the violation and the date of restoration of probation or conditional discharge shall not be computed as a part of the period of probation or conditional discharge.

■ KRS 533.040(2) is triggered—and thus the probationary term is tolled from the time of the "violation" until the court orders that probation be "reinstate[d]"— only if two requirements are met. First, the court must find that a violation occurred. And second, the court must, in its sound discretion, decide to "reinstate" probation rather than revoking it.

■■ In this case, there is no question that the first requirement is met. The court's May 8, 2009 order found that Appellee "stipulated to violation of the terms of his probation," and this fact is not disputed. With respect to whether the court's order "reinstate[d]" probation, the order states in relevant part:

the Court revokes the balance of [Appellee's] probation following his release from incarceration in Carroll County, which probation expires June 17, 2009. The Court orders that he be confined to the Oldham County Jail from May 29, 2009, the expected date of his release from the Carroll County Jail, to June 16, 2009.

Both parties' briefs are confused as to the meaning of this order, no doubt because of its inartful use of the word "revokes." This order does not actually revoke Appellee's probation, as the order requires incarceration only until the end of the proba-

tionary term. Revocation does not result in imprisonment for the balance of the probationary term, but results in imprisonment for the entire balance of the *underlying sentence*.[2] The order did not do this.

The order is properly understood as a modification of Appellee's probation, adding incarceration as a new condition. KRS 533.010(6) provides that when a court modifies the terms of probation, it "may order probation with the defendant to serve [an] alternative sentence," such as "jail for a period not to exceed twelve (12) months with or without work release." This is the clear effect of the court's order. As a punishment for Appellee's violation, the court modified the terms of his probation to require him to serve the rest of his probation in jail.

Thus, the Commonwealth is correct that the court's order "reinstate[d]" Appellee's probation within the meaning of KRS 533.040(2). The result of the court's order was that the exact same probation that applied to Appellee before the order still applied to him afterwards, with the sole exception being that incarceration was added as a new condition. The order punished Appellee for his violation by adding jail time as a new condition, and kept all the other terms of probation the same as before, including specifically its expiration.

Consequently, although KRS 533.040(2) applies, this Court cannot accept the Commonwealth's argument that Appellee's probation tolled beyond its initial expiration on June 17, 2009. The order specifically states that probation "expires on June 17, 2009," the same date it was set to expire initially. The order maintained all initial conditions of probation, specifically including the initial expiration date, except for the new condition of incarceration. Thus, to the extent that the running of the probationary term was tolled by KRS 533.040(2), the court's order effectively shortened the period of probation, as allowed by KRS 533.020(4), to maintain the initial date of expiration. Simply put, Appellee's probation "expire[d] on June 17, 2009," just as the court ordered.

### III.  Conclusion

The circuit court has jurisdiction to hold a revocation hearing only before the probationary period expires. KRS 533.020(1). In this case, Appellee's probation expired on June 17, 2009. Therefore, the court had no jurisdiction to hold a revocation hearing on July 23, 2009, or anytime thereafter. If Appellee's probation were to be revoked at such a hearing, he would have no remedy through an application to an intermediate court. For that reason, the Court of Appeals was correct to grant the writ of prohibition, and its order is therefore affirmed.

All sitting. All concur.

---

2. Here, the balance of the probationary term is about one-and-one-half months, the period between the court's May 8 order and the expiration of probation on June 17. In contrast, an actual revocation would result in Appellee serving the balance of the underlying sentence, which is his two-year sentence, less the 180 days he has thus far served in jail, for a remainder of about one-and-one-half *years*.