Joshua ROBINSON, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–CA–001915–MR.

Court of Appeals of Kentucky.

Nov. 27, 2013.

Discretionary Review Denied by Supreme Court Aug. 14, 2014.

Jason A. Hart, Assistant Public Advocate, Frankfort, KY, for appellee.

Jack Conway, Attorney General of Kentucky, Bryan D. Morrow, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, LAMBERT, and THOMPSON, Judges.

*OPINION*

LAMBERT, Judge:

Joshua Robinson appeals from the McCracken Circuit Court's September 12, 2012, order revoking his probation. He argues that the trial court lacked jurisdiction to revoke his probation pursuant to Kentucky Revised Statutes (KRS) 533.020(4). After careful review, we affirm the trial court's order revoking Robinson's probation.

Robinson pled guilty to possession of marijuana, possession of drug paraphernalia, and to being a convicted felon in possession of a firearm. On February 2, 2011, the trial court sentenced him to twelve months for the marijuana possession; twelve months for the drug paraphernalia possession; and five years for the firearm possession, all to run concurrently, for a total of five years. The trial court probated Robinson's sentence for a period of one and one-half years, and thus his probation was scheduled to end on August 2, 2012. That order stated, "upon completion of the aforesaid probation, the Defendant shall be finally discharged, provided that the De-fendant has complied with the above conditions and provided further that no warrant issued with the Court is pending against the Defendant, and the Defendant's probation has not been revoked."

On July 5, 2012, approximately one month prior to the expiration of his probation, the Commonwealth moved the trial court to issue a bench warrant for Robinson's arrest. Robinson had been convicted of a misdemeanor for driving under the influence. The trial court issued a warrant on July 9, 2012, and ordered Robinson to show cause as to why his probation should not be revoked. On July 19, 2012, the Commonwealth gave notice of additional grounds to revoke Robinson's probation, noting that Robinson had been arrested and charged with the felony of receiving stolen property.

The revocation hearing was initially set for August 8, 2012, but was continued until September 12, 2012. At the hearing, Robinson's defense counsel objected to the revocation of his probation on grounds that the trial court had lost jurisdiction. The Commonwealth pointed to the language in the probation order that stated a pending warrant prevented Robinson from completing probation and argued that the jurisdiction of the trial court, per statute, continues if probation is not successfully completed due to a pending warrant.

The trial court agreed with the Commonwealth and found that there had been a warrant issued for Robinson due to his new misdemeanor conviction and felony arrest, to which Robinson and his counsel stipulated. It then ruled that Robinson had violated the terms of his probation and revoked his probation. Robinson now appeals to this Court.

■ The trial court's conclusions of law are subject to *de novo* appellate review. *Gosney v. Glenn*, 163 S.W.3d 894 (Ky.App.

2005). Statutory interpretations are also subject to *de novo* review. *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011). Thus, we will conduct an independent review of the trial court's ruling.

Robinson argues that the trial court lacked jurisdiction to revoke his probation because of the plain language of KRS 533.020(4). That statute states:

> Upon completion of the probationary period, probation with an alternative sentence, or the period of conditional discharge, the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked.

Robinson argues that the trial court incorrectly applied KRS 533.020(4) to his case, finding that probation only expires if the defendant has complied with the terms of his probation and has no warrant pending. Robinson argues that a proper interpretation of the statute refutes the trial court's holding. According to Robinson, the independent clause of the portion of KRS 533.020(4) quoted above states the imperative that "the defendant shall be deemed finally discharged," and that the preceding subordinate clause states the condition that must be met for this to occur, "[u]pon completion of the probationary period[.]" Thus, the completion of the probationary period activates the final discharging of the defendant from probation. Robinson submits that the clause beginning with "provided" following the independent clause states an exception to when probation will not be finally discharged. This exception applies when two factors exist, according to Robinson: 1) no warrant issued by the court is pending against him; and 2) probation has not been revoked. Robinson argues that the key word to the exception is "and," which functions as a coordinating conjunction. Robinson argues that the presence of both factors must exist for the exception to apply. If both factors are not present prior to the completion of the probationary period, then the exception does not apply.

■ The Commonwealth argues that contrary to Robinson's assertions, a proper interpretation of the statute supports its argument and the trial court's holding that probation only expires if the defendant has complied with the terms of the probation and has no warrant pending. The Commonwealth notes that the Webster's II New College Dictionary defines "provided" as used in KRS 533.020(4) as meaning "on the condition or understanding (that), except (that)." The use of the word "provided" indicates that the following clauses are conditions upon the main clause. In other words, the statute requires that upon the completion of probation, the defendant shall be finally discharged, subject to conditions that no warrant issued by the court is pending against him and that probation has not been revoked.

■ We agree with the Commonwealth that Robinson seems to be urging this Court to interpret the statute apart from its plain language, by substituting an implied "or" for "and", i.e., that a defendant is finally discharged from probation if there is no warrant pending *or* probation has not been revoked. As this Court has pointed out, "courts may, and frequently do, substitute 'or' for 'and', and vice versa, in the course of statutory interpretation." *Hardwick v. Boyd County Fiscal Court*, 219 S.W.3d 198, 201 (Ky.App.2007) (internal citation omitted). However, as the Commonwealth argues, courts are guided by the intent of the legislature and do not thus substitute "or" for "and," unless it is "obvious that the intent of the legislature *would be thwarted* if the change were not made." *Id.* (emphasis in original and cita-

tion omitted). Further, "[i]n construing statutory provisions, it is presumed that the legislature did not intend an absurd result." *Commonwealth, Central State Hosp. v. Gray,* 880 S.W.2d 557, 559 (Ky. 1994).

In the instant case, it would be contrary to legislative intent and lead to an absurd result if the statute were interpreted in a disjunctive way, as Robinson suggests. A bench warrant issued against a person on probation very often leads to a revocation hearing; therefore if the legislature meant that both should be necessary in order for the trial court to maintain jurisdiction, it would not have explicitly listed the issuance of a bench warrant as a separate condition; rather, it would have simply required that probation be revoked prior to the completion of the probationary period. Reading *and* as a disjunctive *or* thus renders the statute redundant. Further, it could lead to an absurd result. Robinson seems to be arguing that even though the trial court issued a warrant for his arrest based on multiple violations (receiving stolen property and driving under the influence) and even though the issuance of this warrant clearly showed that Robinson had violated the conditions of his probation· that required him to remain on good behavior and refrain from violating the law, the trial court was powerless to do anything about its own warrant because probation had not been formally revoked. This goes against the plain language of the statute and leads to an absurd result.

Robinson argues that *Conrad v. Evridge,* 315 S.W.3d 313 (Ky.2010), supports his argument that the trial court lost jurisdiction. However, we agree with the Commonwealth that the facts of *Conrad* are distinguishable from this case. In *Conrad,* the defendant, Evridge, had pleaded guilty to first-degree wanton endangerment and fourth-degree assault, and received a two-

year sentence, with 180 days to serve and the balance probated for five years. *Id.* at 314. Evridge's probation was to expire on June 17, 2009. On February 10, 2009, the Commonwealth filed a motion to revoke his probation after he had stipulated to violating probation by using marijuana and alcohol. On May 26, 2009, the trial court revoked the balance of his probation and ordered that he be confined to the Oldham County Jail until the date his probation expired, June 17. Then, on May 29, 2009, Evridge, after returning from a work-release program, tested positive for methamphetamine. The Commonwealth moved to revoke his probation, and on June 18, after his probation had technically expired, the trial court scheduled his revocation hearing for July 23.

The Court in *Conrad* did hold that, after Evridge's probation expired, he was finally discharged. However, unlike in the instant case, there had been no warrant pending against Evridge. The Commonwealth's argument in that case was that the initiation of revocation proceedings, such as the Commonwealth's motion to revoke probation, acted to toll the period of probation. *Id.* at 315–16. The Court rejected that argument, but it did not address whether a warrant issued by the trial court against the defendant would operate to bar the defendant from being discharged. There appears to have been no warrant in that case. Thus, *Conrad* is not directly applicable here, where there was a pending warrant for Robinson's arrest.

We are unable to find any case law where a court has ruled as Robinson urges this Court to do. In *Curtsinger v. Commonwealth,* 549 S.W.2d 515 (Ky.1977), the Supreme Court of Kentucky held that the trial court had no jurisdiction to schedule a revocation hearing after the probation period expired, but in that case there had

been no pending warrant issued against the defendant. In an unpublished case from this Court, *Patrick v. Commonwealth*, 2008 WL 746075 (Ky.App.2008), there had been two warrants issued against the defendant; however, both of them had been recalled before the Commonwealth filed a motion to revoke probation. This Court stated, "[h]ad the Commonwealth sought a warrant for Patrick's arrest for her probation violations, the result would be different." *Id.* at *3. Thus, while this particular issue may be one of first impression in this Court, the insinuation in prior cases seems to have been that a pending warrant issued by the trial court against the defendant prevents the defendant from being fully discharged from probation. Accordingly, the trial court appropriately exercised jurisdiction over Robinson in the instant case.

Discerning no reversible error, we affirm the September 12, 2012, order of the McCracken Circuit Court revoking Robinson's probation.

ALL CONCUR.