RENDERED:  MAY 15, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0377-MR

MARVIN MAYS                                                      APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JENNIFER WILCOX, JUDGE
ACTION NO. 15-CR-000359-002

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, KAREM, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  Appellant Marvin Mays appeals from the Jefferson Circuit Court's judgment sentencing him to ten years in prison.  Mays argues that the circuit court lacked jurisdiction to revoke his probation and impose the sentence because his initial five-year probationary period, handed down in 2015, had expired.  Because we hold that Mays' subsequent reincarceration and shock probation reset the initial probationary period, we affirm.

## BACKGROUND

Following a grand jury's indictment for attempted murder and first-degree robbery, Mays pled guilty to an amended charge of robbery in the second degree in June 2015.  On September 1, 2015, the circuit court granted Mays' motion for probation and imposed a ten-year sentence, probated for a period of five years.

*Revocation 1*

On April 30, 2018, Mays failed to report to the circuit court for a revocation hearing regarding allegations he violated the conditions of his probation, so a bench warrant was issued.  Though not immediately apprehended, Mays was eventually arrested and appeared at a revocation hearing on September 5, 2018.  The circuit court found that Mays violated his conditions, revoked his probation, and ordered him to begin serving the ten-year sentence previously imposed.

*1st Motion for Shock Probation*

Almost two months later, on October 25, 2018, Mays' counsel filed a Motion for Shock Probation, pursuant to KRS[1] 439.265.[2]  A hearing was held on

---

[1] Kentucky Revised Statutes.

[2] KRS 439.265 governs the procedures courts utilize for "shock probation" when requested by felony-convicted inmates.  The statute allows an eligible incarcerated defendant to file a motion for shock probation "not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated[.]"  If the circuit court agrees with the defendant

November 29, 2018, and the circuit court granted the motion. The court's order noted his supervision would be "on the same terms and conditions imposed at the time of the original sentencing."

*Revocation 2*

In February 2020, the court again received information that Mays had violated his conditions of probation, and an arrest warrant was issued. On March 10, 2020, the court conducted a hearing, found Mays in violation, and revoked his probation. The circuit court then sentenced Mays to serve the remainder of his ten-year sentence.

*2nd Motion for Shock Probation*

On April 16, 2020, Mays' counsel filed a Motion for Shock Probation.[3] The court granted the motion on May 21, 2020, and ordered Mays to "be returned to active supervision on the same terms and conditions imposed at the time of the original sentencing."

---

seeking relief, it can "suspend the further execution of the sentence and place the defendant on probation upon terms the court determines." *Id.*

[3] Ordinarily, per KRS 439.265, Mays' eligibility for seeking shock probation would have expired after reaching the 180-day mark from his initial incarceration in September 2018. However, the revocation of Mays' shock probation on March 10, 2020, and subsequent re-sentencing the same day, had the effect of resetting his eligibility for shock probation.

*August-September 2021 Probation Violations*

In a special supervision report dated September 29, 2021, Mays was yet again directed by his probation officer to report to the Jefferson Circuit Court regarding alleged probation violations. After being taken into custody, the court appointed the Public Defender's Office to represent Mays and set a revocation hearing date. In response, on October 19, 2021, Mays' counsel filed a Motion to be Discharged from Probation Pursuant to KRS 533.020(4). In that motion, counsel argued that even taking into consideration any tolling, Mays' probation had expired on February 11, 2021. A hearing was held on October 20, 2021. The court orally remarked that the "language in the court's shock probation order is sufficiently explicit to require . . . a five-year period of supervision upon shock." The court also noted the Kentucky Department of Corrections (DOC) similarly interpreted the shock probation order, and that it reflected the parties' intention. The court denied the motion, but did not revoke Mays' probation, instead enacting a modification whereby Mays had to serve sixty days in custody.

*January 2022 Probation Violation*

On January 13, 2022, the circuit court received information that Mays had again violated the conditions of his probation. The court issued an arrest warrant which was finally executed on March 4, 2022. In April 2022, Mays' counsel made a renewed claim that the court lacked jurisdiction because, pursuant

to KRS 533.020(4), Mays' probationary period had expired. A hearing was held in which the court disagreed with defense counsel's reasoning and denied the motion. The court instead kept Mays on probation, modifying his conditions such that he remained in custody pending placement at the Men's Healing Place.

*May 2022 Probation Violation*

In May 2022, Mays again violated the conditions of his probation, was arrested, and brought before the circuit court. The court determined that it retained jurisdiction because its Order granting shock probation, entered in May 2020, had "returned the Defendant to active supervision on the same terms and conditions imposed at the time of the original sentencing (*i.e.* in the Court's Order of September 1, 2015)." After a short continuance, the circuit court in August 2022 kept Mays on probation, with a modification that he complete 45 days of incarceration, with credit for time served.

*Denial of Probation Discharge Motion*

On January 5, 2023, Mays moved the circuit court to be fully discharged from probation. A hearing was held on March 28, 2023, in which the court again denied Mays' motion, reasoning that shock probation granted after a revocation creates, in effect, a *new* sentence which restarts the five-year limitation on a term of probation.

*Revocation 3*

On May 18, 2023, the Commonwealth filed a motion to revoke Mays' probation. After Mays failed to appear, the circuit court issued a bench warrant. More than 18 months later, Mays was arrested pursuant to the bench warrant and was subsequently arraigned on January 13, 2025. A revocation hearing was held on March 3, 2025. Although defense counsel again argued the circuit court lacked jurisdiction, the court disagreed, relying on the same analysis referenced above. After making additional findings of fact, the circuit court revoked Mays' probation and sentenced him to serve the ten-year sentence previously imposed. This appeal followed.

## STANDARD OF REVIEW

"[G]ranting and revoking probation is not an inherent power in the courts, but is a power vested in the courts by statute." *Conrad v. Evridge*, 315 S.W.3d 313, 316 (Ky. 2010); *see also Commonwealth v. Moreland*, 681 S.W.3d 102, 107 (Ky. 2023) ("[P]robation is a statutory grant of authority to the judiciary"). The construction and application of statutes is a matter of law. *Estate of Worrall by Worrall v. J. P. Morgan Bank, N.A., Tr. of James P. Thompson Tr.*, 645 S.W.3d 441, 446 (Ky. 2022). Therefore, we review statutes *de novo* without deference to the interpretations adopted by lower courts. *Commonwealth v.*

*McBride*, 281 S.W.3d 799, 803 (Ky. 2009) (citing *Wheeler & Clevenger Oil Company, Inc. v. Washburn*, 127 S.W.3d 609, 612 (Ky. 2004)).

"In cases involving statutory interpretations, the duty of the court is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used." *Commonwealth v. Harrelson*, 14 S.W.3d 541, 546 (Ky. 2000).

## ANALYSIS

Under KRS 533.010(1), a court has the option to sentence someone who has been convicted of a crime and not sentenced to death to either probation, probation with an alternative sentencing plan, or a conditional discharge. KRS 533.010(6) specifies that "[u]pon initial sentencing of a defendant or upon modification or revocation of probation . . . the court may order probation with the defendant to serve one" of a list of permissible alternative sentences. Probation modification and revocation are further addressed in KRS 533.020(1). Under that provision, the "court may modify or enlarge the conditions" of probation, "or, if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of probation." *Id.* Trial courts are vested with the same authority to modify or enlarge probation conditions or revoke probation for additional violations by a

-7-

defendant on probation with an alternative sentence under KRS 533.020(2). Under

KRS 533.020(4), the maximum probation period for a felony offense is five years.

That provision provides, in relevant part:

> The period of probation, probation with an alternative
> sentence, or conditional discharge shall be fixed by the
> court and at any time may be extended or shortened by
> duly entered court order . . . . Such period, with
> extensions thereof, shall not exceed five (5) years . . .
> upon conviction of a felony . . . . Upon completion of the
> probationary period, probation with an alternative
> sentence, or the period of conditional discharge, the
> defendant shall be deemed finally discharged, provided
> no warrant issued by the court is pending against him,
> and probation, probation with an alternative sentence, or
> conditional discharge has not been revoked.

A tolling provision, found in KRS 533.040(2), provides that when a

court determines a defendant has violated probation conditions, but then reinstates

probation, "the period between the date of the violation and the date of restoration

of probation or conditional discharge shall not be computed as a part of the period

of probation or conditional discharge."

As noted above, KRS 439.265 governs the procedures circuit courts

utilize for "shock probation." However, "[t]he concept of shock probation under

KRS 439.265 is an anomaly. It is a legislative creation which allows the court to

reacquire jurisdiction for this one consideration." *Jones v. Commonwealth*, 319

S.W.3d 295, 298 (Ky. 2010) (internal quotation marks and citation omitted). In

other words, KRS 439.265 provides a limited exception to the general rule that "a

-8-

trial court loses jurisdiction over a criminal case ten days after entry of a final judgment." *Commonwealth v. Reed*, 577 S.W.3d 467, 470 (Ky. App. 2019) (citation omitted).

In *Conrad*, 315 S.W.3d at 317-18, our Supreme Court explained how the probation statutes work when a court finds that a defendant has violated his or her conditions and imposes a jail sentence of no more than twelve months, rather than imposing the original sentence. In that situation, such an order is a *modification* of probation that adds incarceration as a new condition, and functions as a reinstatement of probation, not a revocation. *Id*. at 317-18. A probation *revocation*, on the other hand, "results in imprisonment for the entire balance of the underlying sentence." *Id*. at 318.

Now, case law is clear that a probation period set out by a court "may not exceed five years." *Green v. Commonwealth*, 400 S.W.2d 206, 209 (Ky. 1966). Indeed, our Supreme Court has noted that the purpose of KRS 533.020(4) is to protect defendants from "being subjected to a probationary status of indefinite duration[.]" *Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky. 1997). However, what is less clear, is how that five-year limitation functions when a circuit court *reacquires* jurisdiction over a case in the process of granting shock probation pursuant to KRS 439.265.

Mays argues that his probation start date must remain that of his original sentencing date, September 1, 2015, when the circuit court sentenced him to ten years' imprisonment, probated for five years. In his view, that date, plus five years, and any statutorily permitted tolling[4] establishes the outward time limit of his probation. For any date after that, he argues, his probationary period would have expired, and the circuit court would therefore lack jurisdiction to make a revocation and impose the underlying prison sentence.

Notably, Mays cites two of our unpublished cases – *Gross v. Commonwealth* and *Beckman v. Commonwealth*[5] – that seemingly support his reasoning. Though non-binding[6] on us, we also find the analysis in those cases unpersuasive. Both cases analyze the limits of shock probation, but they failed to recognize that shock probation following a *revocation* does not reinstate the earlier probationary period. BLACK'S LAW DICTIONARY (9th ed. 2009) defines "revocation" as "an annulment, cancellation, or reversal . . . [usually] of an act or

---

[4] *See* KRS 533.040(2) ("Calculation of periods of probation and conditional discharge"). Accounting for tolling, the circuit court's revocation on March 4, 2025, would have exceeded its authority, if one finds the initial sentencing date of September 1, 2015, starts the five-year limitation on Mays' probation. Because we find that date is not the proper starting point, the tolling calculation here has no bearing on the case's outcome.

[5] *Gross v. Commonwealth*, No. 2011-CA-002196-MR, 2013 WL 3329080 (Ky. App. Jun. 28, 2013); *Beckman v. Commonwealth of Kentucky*, No. 2013-CA-000214-MR, 2014 WL 6881109 (Ky. App. Dec. 5, 2014).

[6] *Johnson v. Commonwealth*, 659 S.W.3d 832, 837 (Ky. App. 2021) (citation omitted) ("[U]npublished opinions are not binding precedent, but only persuasive authority. Therefore, we are not required to follow their holdings.").

power." Thus, once a defendant's previous probation has been revoked – as opposed to modified – that probationary period *no longer exists*. After this occurs, and a defendant's underlying sentence of incarceration is imposed, the circuit court loses jurisdiction over the matter.

It is in this context that Mays found himself following three separate revocations in 2018, 2020, and 2025. Following the first two of those instances, Mays utilized KRS 439.265 to request shock probation – which allowed the circuit court to reacquire jurisdiction for the purpose of imposing a new probationary period "upon terms the court determines." KRS 439.265(1).

Accordingly, we find the discussion in *Gross* and *Beckman* about whether a request for shock probation serves as a knowing and voluntary waiver of the five-year probation limit, misplaced. A period of probation imposed after a revocation – and in response to a KRS 439.265(1) motion – establishes a *new* probationary period, one not impacted by any probation days the defendant has previously served. It is this new period of probation that is limited in length to five years. Courts, therefore, still cannot unilaterally and indefinitely extend probation because, following a revocation, they only regain jurisdiction if a defense motion is made pursuant to KRS 439.265.

Furthermore, our interpretation that a revocation ends the old period of probation and leads to a new sentence aligns with the common understanding

-11-

that allows defendants to seek shock probation – as here – when they are well beyond 180 days from their *initial* date of incarceration. In this way our interpretation protects both a defendant's ability to seek shock probation and the court's flexibility to grant it when appropriate.[7] Though perhaps unintended, the inevitable practical effect of applying Mays' interpretation would be that fewer circuit courts would be willing to grant shock probation following a revocation – a concern voiced by both circuit judges involved in this case. This is important because our Supreme Court, in analyzing KRS 533.020(4), has made clear that the underlying purpose of the statute's probation time-limitation ("to protect the convicted defendant") should guide how other aspects of the probationary statutory framework are interpreted. *See Griffin*, 942 S.W.2d at 291.

Restating our analysis, we find the fact pattern associated with Mays from 2018 to 2025 is incompatible with the modification-and-reinstatement scheme set out by KRS 533.010, 533.020, and 533.040. Moreover, Mays' reliance on KRS 533.020(4) is unavailing, as the plain language of that statute makes clear a defendant is only deemed finally discharged upon completing the probationary period, "provided no warrant issued by the court is pending against him, and

---

[7] An interpretation that views shock probation following a revocation as a continuation of the previous period of probation might invite the Commonwealth – in situations akin to Mays' – to begin challenging defendants' eligibility for shock probation based on KRS 439.265's restrictive time window.

probation . . . has not been revoked." Each time Mays' probation was revoked, and he was ordered to serve a ten-year sentence, there was simply no old probationary period to which he could return when he was later granted relief pursuant to KRS 439.265(1).

Finally, Mays argues the language of the circuit court's order that he "be returned to active supervision on the same terms and conditions imposed at the time of the original sentencing" means the probationary periods before and after his revocation are linked. This, however, overlooks a more straightforward meaning conveyed by the circuit court. We find the court's use of "terms" meant rules and responsibilities – which were intended to be the same as before – and did not imply that Mays would somehow rejoin his original five-year probationary period.

## CONCLUSION

By granting Mays' request for shock probation on May 21, 2020, the circuit court created a new period of probation – separate and apart from the probation associated with his initial sentence in 2015. Because this new probationary period for Mays was still in effect on March 3, 2025, the circuit court retained jurisdiction to make the revocation decision it made. Accordingly, we affirm.

ALL CONCUR.

-13-

BRIEF AND ORAL ARGUMENT
FOR APPELLANT:

Jennifer E. Hubbard
Assistant Appellate Defender
Department of Public Advocacy
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

James Havey
Assistant Solicitor General
Frankfort, Kentucky