**COMMONWEALTH of Kentucky,
Appellant**

v.

**Lee Andrew WRIGHT, Appellee.**

No. 2012–SC–000368–DG.

Supreme Court of Kentucky.

Dec. 19, 2013.

Jack Conway, Attorney General of Kentucky, Dorislee J. Gilbert, Special Assistant Attorney General, Counsel for Appellant.

Daniel T. Goyette, Louisville Metro Public Defender of Counsel, Cicely Jaracz Lambert, Assistant Appellate Defender, Office of the Louisville Metro Public Defender, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

Appellant Commonwealth of Kentucky sought discretionary review of a decision of the Court of Appeals determining that our statutory provisions governing probation do not extend a term of probation, so as to allow for the revocation of Appellee Lee Andrew Wright's probation *after* the expiration of the five-year period fixed by the trial court at sentencing. The Commonwealth contends that, when read together, KRS 533.020(4) and other relevant statutory provisions operate to automatically extend any probationary period previously fixed by the trial court when the probationer has failed to satisfy a condition of probation requiring payment of restitution to the victims of his crime until the restitution obligation is paid in full.

We granted discretionary review to examine the provisions of KRS 533.020(4) that allow for the extension of a probationary period beyond five years for restitution-related reasons, and to consider the circumstances under which such provisions are applicable. For reasons set forth herein, we affirm the opinion of the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2005, Appellee Wright entered guilty pleas in the Jefferson Circuit Court to three charges of theft by unlawful taking over $300. Final sentencing was held on November 10, 2005, and the final Judgment of Conviction and Sentence was signed by the trial judge on that date. The final judgment contains two provisions essential to our review. First, the judgment provided, "That Defendant shall be placed on supervised probation for **five (5) years**." (emphasis in original). Second, the final judgment included as a condition of probation, "The Defendant [Wright] shall pay restitution in the amount of $4,500 at the rate of $160 per month, commencing on December 15, 2005, and the 1st of each month until paid in full."[1] Simple arithmetic reveals that if Wright complied with the probation order, the restitution would be fully paid in thirty months, which would be May 2008.

On October 4, 2010, four years and eleven months after Wright was placed on supervised probation, his probation officer issued a report to the trial court indicating that Wright had failed to pay restitution as required, and that more than $3,000 remained unpaid. Based upon this report, on November 16, 2010, ostensibly six days after the expiration of Wright's probationary period, the Commonwealth filed a motion to revoke Wright's probation based upon his failure to pay restitution. No arrest warrant was issued against Wright but the Commonwealth's motion was set to be heard by the trial court on January 20, 2011. At the January 20 hearing, Wright argued pursuant to *Conrad v. Evridge*, 315 S.W.3d 313 (Ky.2010) that the circuit court was without jurisdiction to revoke his probation. The Commonwealth argued that *Conrad* is distinguishable and that KRS 533.020(4) operated to automatically extended Wright's probationary period so long as he failed to complete payment of the restitution as ordered.

The circuit court agreed with Wright and declined to grant the Commonwealth's motion. The Court of Appeals affirmed the circuit court's ruling. For the reasons stated below we affirm the decision of the Court of Appeals based substantially upon its reasoning. We further conclude that KRS 533.020(4) authorizes a trial court to extend the duration of a sentence of probation *only* if such an extension is "necessary" for payment of restitution, that such an extension must be supported by a finding of necessity by the trial court, and that the extension must be reflected in a duly entered order of the trial court rendered prior to the expiration of any previously fixed term of probation.

## II. PRINCIPLES OF STATUTORY CONSTRUCTION

Our task in this case involves the construction of various statutes contained in KRS Chapters 332 and 333, and so our review is *de novo*. *Richardson v. Louisville/ Jefferson County Metro Gov't*, 260 S.W.3d 777, 779 (Ky.2008). In so doing, we recognize the following principles of statutory construction. Where no specific definition is provided for terms contained in a statute, it is fundamental that "words of a statute shall be construed according to their common and approved usage.... In addition, the courts have a duty to accord statutory language its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Johnson v. Branch Banking and Trust Co.*, 313 S.W.3d 557, 559 (Ky.2010) (citations omitted); *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775, 784 (Ky.2008) ("A funda-

---

1. Plus the required five percent administrative fee pursuant to KRS 533.030(3)(b).

mental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). Our ultimate goal when reviewing and applying statutes is to give effect to the intent of the General Assembly. We derive that intent from the language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration. *Osborne v. Commonwealth*, 185 S.W.3d 645, 648–49 (Ky.2006). We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes. *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775, 784 (Ky.2008). We also presume that the General Assembly did not intend an absurd statute or an unconstitutional one. *Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky.2011) (citing *Layne v. Newberg*, 841 S.W.2d 181 (Ky.1992)).

## III. ANALYSIS

### 1. The Final Judgment of November 10, 2005

 We begin by observing that the only court order in this case that fixes the term of Wright's probation is the final judgment of November 10, 2005. To interpret the language of a trial court's order we apply substantially the same principles of construction as we do in interpreting statutes. *Crouch v. Crouch*, 201 S.W.3d 463, 465–66 (Ky.2006).[2] Here, as noted above, the final judgment plainly and unambiguously states that Wright "shall be placed on supervised probation for **five (5) years**." (emphasis in original). There is no question about what "five years" means. "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and ... must be given a compulsory meaning." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 795 (Ky. 2003) (citation omitted). This clause of the final judgment allows for only one possible interpretation, that Wright was placed on supervised probation for a period of five years, which commenced on November 10, 2005, and was scheduled to expire on November 10, 2010. This is because the final sentencing hearing was held on November 10, 2005, and the judgment was signed on that date by the sentencing judge.

The principal section of the final judgment addressing restitution provides as follows: "The Defendant shall pay restitution in the amount of $4,500 at the rate of $160 per month, commencing on December 15, 2005 and the 1st of each month until paid in full." It is undisputed that this provision was a condition of probation, and that Wright's probation could be revoked for failing to comply with it. Significantly, this provision does not in any way suggest that Wright's probation will not end unless the full restitution amount has been paid. The phrase, "until paid in full," very plainly sets the duration of the schedule of Wright's monthly payments. Wright's obligation to make a payment on "the 1st of each month" continues until the debt is paid. The phrase does not hint of any intention to prolong, or extend, probation until the debt is paid. Moreover, it is

---

**2.** "Interpreting court orders differs from that of statutes and contracts only to the extent that instead of construing the intent of the legislature or the intent of the parties, we must determine the intent of the ordering court.... Where the language of the order is clear and unambiguous, we will construe the order according to its plain terms. However, where the order is ambiguous and open to interpretation, we will endeavor to construe and effectuate the intent of the trial court." *Crouch*, 201 S.W.3d at 465–66 (footnote omitted).

obvious that the term of probation was not intended to be synchronized with the term of Wright's restitution debt, evidenced by the former being set for sixty months and the latter being set for thirty months. As such, we construe the final judgment as unambiguously providing that Wright's probation was for a period of five years from the date of sentencing without regard to whether restitution had been paid at that time.

Therefore, it is clear that Wright's probationary period ended on November 10, 2010, five years from the date of sentencing, unless it was extended by operation of law pursuant to any of the various statutory provisions cited by the Commonwealth.

### 2. KRS 533.020(4)

The Commonwealth's principal argument is that when a probationer is in default on his obligation to pay restitution, KRS 533.020(4) as a matter of law extends the sentence of probation for whatever time is required to pay off the debt. Our analysis of the statutory text does not agree. KRS 533.020(4) states as follows:

The period of probation, probation with an alternative sentence, or conditional discharge shall be **fixed by the court** *and* **at any time may be extended or shortened by duly entered court order. Such period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer,** upon conviction of a felony nor two (2) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a misdemeanor. **Upon completion of the probationary period,** probation with an alternative sentence, or the period of conditional discharge, **the defendant shall be deemed finally discharged,** *provided* no warrant issued by the court is pending against him, and probation, probation with an alternative sentence,

or conditional discharge has not been revoked.

(emphasis added). An examination of this text discloses the following essential points. First, the period of probation must be *"fixed"* by the trial court. Here, as explained, the trial court complied with this provision by specifically setting forth in the final judgment that the period of probation would be for five years. The trial court fixed Wright's period of probation at five years.

Next, the section provides that the period of probation "at any time may be extended or shortened by duly entered court order[.]" Obviously, "at any time" presupposes a time during which the trial court has jurisdiction over the case since a *"duly* entered court order" means an order entered "in [a] proper manner; in accordance with legal requirements." Black's Law Dictionary (9th ed.2009). An order entered by a court lacking jurisdiction over the case cannot be a "duly" entered court order. We construe this provision of the statute as permitting the trial court to extend or shorten probation *prior* to final discharge, so long as the modification is memorialized by a duly entered court order. As such, these provisions provide no support for the Commonwealth's position.

The next sentence, the most crucial one in our entire analysis, provides in relevant part that "[s]uch period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony...." The, Commonwealth broadly reads the phrase "or the time necessary to complete restitution" as superseding and overriding any conflicting statutory provision (such as, the "duly entered court order" requirement) so that this text acts to extend as a matter of law any previously fixed probationary period until such time

as the probationer has fully satisfied the restitution obligation. Under the Commonwealth's interpretation, if the required restitution has not been fully paid before the conclusion of the probationary term fixed by the trial court, it is per force *necessary* to extend the time of his probationary period so that he may complete restitution, and thus by operation of law the probationary period is deemed to be extended without even the necessity of a "duly entered" court order. We disagree with this interpretation.

The statute's requirement that a probationary period may be extended only by a duly entered order should be sufficient to disprove the Commonwealth's theory. However, in addition to that, it is an essential element of the text that an extension of time beyond five years is permissible only when the additional time is "*necessary* to complete restitution." KRS 533.020(4) (emphasis added). By implication, a determination of necessity is a prerequisite to any extension beyond five years. Because such a factual determination falls uniquely within the trial court's purview, it follows that the phrase anticipates that the determination of whether additional time beyond five years period is *necessary* must be addressed by the trial court as a factual finding either (1) when it initially fixes probation at the time of the final judgment, or (2) later, if it becomes *necessary* to extend the probationary period in order to assure that the defendant's restitution obligation is satisfied.[3]

In other words, the provision does not create a mechanism which, at the end of the originally fixed probation period, automatically extends the term of probation if restitution has not been completed. Rather, it provides statutory authorization for

the trial court, through its fact-finding processes, to ascertain if payment of restitution will be completed within the fixed probationary period, and to extend the probationary period if an extension beyond that fixed period is "necessary to complete restitution." In the typical case, that factual determination would be made following a hearing initiated by motion of the Commonwealth or by the trial court upon receipt of a report from the probation officer.

We also note that occasions arise in which the trial court can easily anticipate, even before fixing the period of probation, that restitution cannot be fully paid within the five-year period provided by the statute. For example, if the amount of restitution is very great in comparison to the defendant's financial resources, it may be apparent at the time of sentencing that more than five years will be necessary to complete restitution. Upon such occasions, KRS 533.020(4) authorizes the trial court to make such a finding and to fix in the original judgment a probationary period reflecting that reality, even if it extends beyond five years. Of course, as in the case now before us, the statutory language authorizes the trial court, upon a finding of necessity to extend the probationary period with a duly entered order reflecting the necessity of the extension. The text, however, does not bear the Commonwealth's interpretation that the legislature intended an automatic extension of probation any and all times a probationer's restitution has not been completed before the expiration of his probationary sentence. The only extensions mentioned in the statute require a "duly entered court order," which by necessary implication requires the action of a judge.

---

**3.** It is worth noting that even without a finding of necessity, a probationer may knowingly and voluntarily agree to an extension of pro-

bation beyond five years, for example to avoid revocation of probation. *Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky.1997).

And finally, the last sentence of KRS 533.020(4) provides that "**Upon completion of the probationary period, ... the defendant shall be deemed finally discharged, provided** no warrant issued by the court is pending against him, and **probation ... has not been revoked.**" (emphasis added). The meaning of this provision is self-evident. It plainly provides that once the duly established probationary period expires, the defendant is no longer subject to the court's supervision and authority, and is no longer subject to an order extending probation. This provision, therefore, is likewise unfavorable, and indeed fatal, to the Commonwealth's position that the trial court here retained the authority to revoke probation beyond November 10, 2010. The statute plainly provides that upon that date, with no warrant pending against him and without his probation having already been revoked, Wright was finally discharged and there was no longer a sentence of probation to revoke. *Curtsinger v. Commonwealth,* 549 S.W.2d 515, 516 (Ky.1977) ("[B]y operation of statute, the ... [c]ircuit [c]ourt lost jurisdiction to revoke appellant's probation on [the final date of the period of probation]."). Citing to *Curtsinger,* in *Miller v. Commonwealth,* we very recently reiterated that "[w]here revocation has not occurred before the end of the probation period, 'the defendant shall be deemed finally discharged' by operation of law." 391 S.W.3d 801, 807 (Ky.2013).

In summary, the statutory text of KRS 533.020(4) does not support the Commonwealth's argument that probation is *automatically* extended if there is an unpaid restitution balance when the fixed probationary period expires.

### 3. KRS 533.020(1)

█ The Commonwealth also relies on KRS 533.020(1), which provides, in relevant part, as follows:

When a person who has been convicted of an offense or who has entered a plea of guilty to an offense is not sentenced to imprisonment, the court shall place him on probation if he is in need of the supervision, guidance, assistance, or direction that the probation service can provide. Conditions of probation shall be imposed as provided in KRS 533.030, **but the court may modify or enlarge the conditions or,** if the defendant commits an additional offense or violates a condition, **revoke the sentence at any time prior to the expiration or termination of the period of probation.** When setting conditions under this subsection, the court shall not order any defendant to pay incarceration costs or any other cost permitted to be ordered under KRS 533.010 or other statute, except restitution and any costs owed to the Department of Corrections, through the circuit clerk.

(emphasis added). Rather than supporting the Commonwealth's position, this section actually weighs heavily against it because it authorizes a trial court to modify the conditions of probation or revoke the sentence of probation only *"prior to the expiration or termination of the period of probation[. ]"* It follows that a trial court lacks the authority to revoke probation *after* the termination of the of the period of probation. The Jefferson Circuit Court in this case correctly concluded that on January 20, 2011 it had no authority to revoke a sentence of probation that expired on November 10, 2010.

### 4. KRS 532.033(8)

The Commonwealth also relies upon KRS 532.033(8) as support for its theory that the legislature intended to provide for the automatic extension of probation when a probationer remains in default on his restitution payment. KRS 532.033(8) pro-

vides that "When a judge orders restitution, the judge shall: ... Not release the defendant from probation supervision until restitution has been paid in full and all other aspects of the probation order have been successfully completed."

The Commonwealth suggests that this provision means that a defendant cannot, may not, and will not be released from probation under any circumstances until his restitution obligation has been paid in full. That interpretation ignores that the obvious function of the provision is to restrain the trial court judge's authority. We read this provision to say that if a judge orders a probationer to pay restitution, *the judge* is not authorized to reduce the probationary period so as to release the defendant from probation before the restitution has been fully paid. When, as occurred in this case, the date for the expiration of the probationary period passes before the payment of restitution is complete, the release of the probationer resulted not from any action of the trial court, but by operation of law. KRS 532.033(8) does not support the Commonwealth's interpretation of the relevant statutory scheme.

### 5. *Citations to Unpublished Opinions*

Finally, both sides cite us to unpublished opinions as support for their respective positions. The Commonwealth cites us to *Jones v. Commonwealth,* No. 2007–CA–000058–DG, 2008 WL 344182 (Ky.App. Feb. 8, 2008), and Wright cites us to *Calloway v. Commonwealth,* No. 2007–CA–001351–MR, 2008 WL 5428257 (Ky.App. Dec. 31, 2008).

As a general rule, we are not greatly influenced by unpublished opinions of this Court or the Court of Appeals, as may be

inferred from the simple fact that such opinions were not selected for publication and from our adoption of CR 76.28(4)(c), which says "[o]pinions that are not to be published shall not be cited or used as binding precedent in any other case in any court of this state." We allow, however, in the limited circumstances specified in CR 76.28(4)(c), such opinions may be helpful.[4] Unfortunately, neither of the unpublished opinions cited herein qualifies for such consideration.

The circumstances in *Jones* were similar to the present case and yet the result was favorable to the Commonwealth. But, the court suggested that its review was constrained by an unclear record. Nevertheless, a substantial distinction in *Jones* emerges because the Court of Appeals found that the initial judgment of conviction fixed the period of probation at "two years and/or until he made restitution." 2008 WL 344182 at *2. It seems, therefore, that in *Jones* the trial court's extension of probation beyond the statutory limit to provide for restitution was built into the final judgment from its inception. That procedure is entirely consistent with our analysis of the applicable statutes, so long as the essential finding of necessity was made. Again, because of the unclear record, which is itself a reason for opting *not* to publish an opinion, the Court of Appeals presumed but could not say with certainty that the trial court made such a finding. In short, we are not swayed toward the Commonwealth's position by the citation to *Jones.*

In *Calloway,* the roles were reversed; in order to meet the standing requirement of RCr 11.42, the defendant argued that al-

---

**4.** After generally prohibiting the citation of unpublished opinions, CR 76.28(4)(c) provides this exception: "[H]owever, unpublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court."

though his probationary period had expired, he was still on probation because he had not fully paid his restitution. 2008 WL 5428257 at *1. The court in *Calloway* rejected that argument, citing no authority other than *Curtsinger*. Thus, Wright's citation to *Calloway* contributed nothing to his argument because it was merely redundant to his reliance upon *Curtsinger*.

It cannot be reasonably claimed that either *Calloway* or *Jones* presents legal theories for which "there is no published opinion that would adequately address the issue before the court." The citations to them were not helpful to the Court and were not consistent with the limitations provided in CR 76.28(4)(c).

## IV. SUMMARY AND CONCLUSION

In summary, Wright's probation expired by operation of law on November 10, 2010. Upon expiration of the probationary period, the trial court lost jurisdiction over the case, and was without authority to revoke Wright's probation. Indeed, because Wright was then "discharged" from his sentence of probation, there was no probation to revoke.

As a final observation, our decision in this case in no way limits the ability of the trial courts or the Commonwealth to assure that a defendant's probation is extended for whatever time is necessary to secure complete payment of restitution. As well illustrated by the facts of this case, it was apparent for more than two years before the end of Wright's probationary period that he was not paying restitution as required. The Commonwealth and the trial court had ample opportunity to intervene and take remedial action to revoke Wright's probation, modify the conditions of his probation, and/or extend the probationary period within the parameters authorized by the statutes. For the forego-

ing reasons, the judgment of the Court of Appeals is affirmed.

MINTON, C.J., CUNNINGHAM, KELLER, NOBLE and SCOTT, JJ., concur. ABRAMSON, J., concurs in result only.