RENDERED: MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0034-MR

COMMONWEALTH OF KENTUCKY                  APPELLANT

                   APPEAL FROM FAYETTE CIRCUIT COURT
v.              HONORABLE JULIE MUTH GOODMAN, JUDGE
                   ACTION NO. 16-CR-00642-008

KIMBERLY A. BROWN                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE: The Commonwealth of Kentucky appeals the denial of its motion to extend Kimberly A. Brown's probation, entered by the Fayette Circuit Court on November 12, 2021. Following a careful review of the record, the briefs, and the law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On July 12, 2016, Brown was indicted for receiving stolen property over $500[1] as part of a multi-defendant, multiple-count indictment. A criminal summons was issued, and Brown was scheduled for arraignment on July 29, 2016. When Brown failed to appear, a bench warrant was issued, though not executed until March 23, 2019.

Brown appeared for her arraignment on April 5, 2019, and was represented by the Lexington Department of Public Advocacy. With the assistance of counsel, Brown waived further proceedings and petitioned the court to enter her plea of guilty to an amended charge of facilitation.[2] The trial court accepted the plea and entered a judgment of guilt on the amended count of facilitation to receiving stolen property under $10,000. Recommended conditions of probation were entered on November 12, 2019, with the judge annotating Brown's sentence of 12 months, probated for two years.[3] The restitution victim list, entered the same day, ordered Brown to pay a total of $897 in restitution to three named payees in

---

[1] Under Kentucky Revised Statute (KRS) 514.110, a Class D felony at that time.

[2] A Class A misdemeanor.

[3] The trial court did not indicate the period of probation was for "the time to complete restitution" or "whichever is longer."

the amount of $50 monthly. A final judgment and sentence of probation was entered the following day.[4]

Brown's probation was set to expire on November 8, 2021. On August 24, 2021, Brown's Probation and Parole Officer filed an affidavit with the trial court requesting an extension of her probation so Brown could satisfy her restitution and court costs, stating she had only paid $150 of her restitution obligation. On October 7, 2021, Brown appeared with counsel before the court on this matter, and the trial judge[5] set a hearing to determine whether Brown could pay the remainder of her restitution obligation.

On November 4, 2021, Brown again appeared with counsel and informed the trial court that she had no income or property but was soon to receive Social Security disability payments of $794 per month. Upon questioning by the court, it was determined that Brown had been staying with friends and family. The court found Brown was unable to pay further restitution, court costs, or supervision fees and ordered her probation terminated; however, the order was not entered until November 12, 2021.

---

[4] One of its conditions of probation was that Brown pay $100 in restitution per month.

[5] By this time, a different trial judge was assigned to Brown's case.

On November 18, 2021, the Commonwealth moved the trial court, pursuant to CR[6] 59.05 and CR 52.02, to amend or make additional findings. At a hearing on this motion, the court explained it denied the motion to extend Brown's probation under *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), and *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011), because – due to no fault of her own – Brown was unable to pay further restitution. The trial court also noted that since Brown's probation had expired, it no longer had jurisdiction. Accordingly, the trial court entered its order denying the motion. This appeal followed.

## STANDARD OF REVIEW

We review orders concerning probation for abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). We will reverse only if we find "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We "will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *Blankenship v. Commonwealth*, 494

---

[6] Kentucky Rules of Civil Procedure.

S.W.3d 506, 508 (Ky. App. 2015) (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004)).

## LEGAL ANALYSIS

On appeal, the Commonwealth raises three arguments, claiming the trial court erred in denying its motion to extend Brown's probation because: (1) restitution is mandatory in criminal cases where the victim has sustained a monetary loss, (2) the trial court ignored clear statutory authority, and (3) the trial court failed to make specific findings before terminating Brown's probation. We will address each, in turn.

We first note, however, that KRS 533.020(4) provides, "[t]he period of probation . . . shall be fixed by the court and at any time may be extended or shortened by duly entered court order[.]" A "duly entered court order" means an order entered "[i]n a proper manner; in accordance with legal requirements." *Duly*, BLACK'S LAW DICTIONARY (9th ed. 2009). "An order entered by a court lacking jurisdiction over the case cannot be a 'duly' entered court order. We construe this provision of the statute as permitting the trial court to extend or shorten probation *prior* to final discharge[.]" *Commonwealth v. Wright*, 415 S.W.3d 606, 610 (Ky. 2013) (emphasis in original). In the case herein, the trial court attempted to shorten Brown's probationary period by four days; yet, that order was not entered

until *after* her probation expired. Thus, the trial court's order was not "duly entered."

KRS 533.020(4) further provides, "[u]pon completion of the probationary period . . . the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation . . . has not been revoked." Here, Brown completed her probationary period on November 8, 2021, with no pending warrants and without having her probation revoked. Therefore, Brown was finally discharged on that date, and the trial court lost jurisdiction over this matter.

Nevertheless, the Commonwealth argues restitution is mandatory in criminal cases where the victim has sustained a monetary loss. In the case herein, Brown *was* ordered to pay restitution. However, no consideration of her ability to pay was given at that time. When it was finally brought to the trial court's attention that Brown had paid only $150 of the $897 owed – just a few months prior to the expiration of Brown's probation – the court then inquired as to what means Brown had to pay the remainder of the restitution and found her financial resources lacking, due to no fault of her own. The fact that Brown made *any* payments toward her restitution in her dire financial situation evidenced a "sufficient bona fide effort" on her part. *Marshall*, 345 S.W.3d at 824.

The foregoing notwithstanding, the final judgment did not in any way suggest that Brown's probation would not end unless the full restitution was paid. *See Wright*, 415 S.W.3d at 609. The final judgment unambiguously provided that Brown's probation was for two years without regard to whether restitution was satisfied at that time. *Id.* at 610. Thus, Brown's probation ended on November 8, 2021, since it was not otherwise extended. *Id.*

The Commonwealth next argues the trial court ignored clear statutory authority. The Commonwealth cites KRS 532.032(1) which provides that a court *shall* order restitution and KRS 532.032(3) which states, if a defendant is granted probation, restitution *shall* be made a condition of the sentence. As previously discussed, the trial court *did* order restitution. It then discovered Brown was unable to pay said restitution. Even so, Brown's probation expired prior to any duly entered order of modification, and therefore, the trial court was divested of jurisdiction.

The Commonwealth also cites KRS 532.033(6), providing that if a defendant is not paying restitution, the trial court *shall* hold a hearing to determine why. When the trial court was made aware of Brown's failure to satisfy her restitution, it held a hearing and discovered, as previously discussed, Brown did not have the financial means to support herself, much less fulfill her restitution obligation.

The Commonwealth further mentions KRS 532.033(8), stating a defendant *shall not* be released from supervised probation until restitution has been paid in full. Yet, the Supreme Court of Kentucky has held, "[w]hen, as occurred in this case, the date for the expiration of the probationary period passes before the payment of restitution is complete, the release of the probationer resulted not from any action of the trial court, but by operation of law." *Wright*, 415 S.W.3d at 613.

The Commonwealth's final argument is the trial court failed to make specific findings before terminating Brown's probation. We find this argument unavailing. A hearing was held and a record made that Brown could not afford to continue to make restitution payments. Yet, ultimately, Brown's probation expired as a matter of law prior to the entry of the order terminating her probation. At the time the order *was* entered, the trial court no longer had jurisdiction. Therefore, not only was it unnecessary for the trial court to alter or amend its order, it no longer had authority to do so. ("The language of KRS 533.020(4) is clear: probation is automatically discharged upon completion of a probationary period unless it has been revoked or an arrest warrant is pending. If neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation." *Commonwealth v. Tapp*, 497 S.W.3d 239, 242 (Ky. 2016).)

## CONCLUSION

Therefore, and for the forgoing reasons, the order entered by the

Fayette Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Kristin Conder
Assistant Attorneys General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Kathleen K. Schmidt
Frankfort, Kentucky