Willie ROLLINS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2008–CA–000074MR.

Court of Appeals of Kentucky.

Sept. 4, 2009.

Shelly R. Fears, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Matthew R. Krygiel, Assistant Attorney General, Frankfort, KY, for appellee.

Before MOORE and WINE, Judges; HENRY,[1] Senior Judge.

*OPINION*

WINE, Judge.

Appellant Willie Rollins ("Rollins") directly appeals from two final and appealable orders of the McCreary Circuit Court: (1) an Order Setting Restitution; and (2) an Order Overruling Motion to Reconsider Order Setting Restitution. Rollins contends that the trial court lacked jurisdiction to order him to pay restitution in the amount of $183,317.50. We agree.

**Factual History**

On November 25, 2000, Rollins pled guilty to eight counts of third-degree arson, one count of criminal facilitation to the crime of second-degree arson, three counts of setting fire to lands owned by another, and one count of theft by unlawful taking under $300.00. In a separate case, Rollins also pled guilty to another count of setting fire to lands owned by another. He received sentences of ten years and one year, respectively, which were to run concurrently for a total of ten years. Final judgments were entered in both cases on November 30, 2000. The final judgments provided that Rollins would pay restitution with "the amount of full restitution to be determined."

Although the judgments specified that the amount of restitution would be determined at a later date, a hearing was not held thereafter. Rather, nearly seven years later, once Rollins had "served out" his sentence, the Commonwealth filed a motion to establish the amount of damages. Rollins argued at the "hearing"[2] on November 19, 2007, that undue delay of nearly seven years precluded the court from setting restitution. He cited *Green v. Commonwealth*, 400 S.W.2d 206 (Ky. 1966), for the proposition that waiting for a period of longer than five years to set restitution was undue delay. He further cited to *McMurray v. Commonwealth*, 682 S.W.2d 794 (Ky.App.1985), for the proposition that the trial court lacked authority to enter an order setting restitution because the trial court lost jurisdiction ten days after the entry of final judgment. The

---

**1.** Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

**2.** We put the word "hearing" in quotes here as it appears that no witnesses testified at this proceeding and no evidence was introduced.

Commonwealth countered that the final judgment specifically left the amount of restitution "to be determined," which was sufficient to allow the court to set restitution at a later date. The Commonwealth provided no authority for its position at the "hearing". Although no witnesses testified at the "hearing" on November 19, 2007, the trial court agreed with the Commonwealth and set restitution at $183,317.50, payable at a rate of $100.00 per month.

On November 27, 2007, Rollins filed a motion to reconsider and requested a full hearing on the motion. The judge refused to grant a full hearing but allowed both parties to briefly restate their positions. The Commonwealth conceded at that time that representatives from the insurance company had been present at the first hearing and that the amount of restitution sought was equal to the amount paid by the insurance company.[3] The judge denied Rollins's motion to reconsider. Rollins now appeals from these orders.

## Analysis

Rollins argues on appeal that he was denied due process of law when the trial court entered an order setting restitution in violation of the procedures set forth in KRS 431.200. KRS 431.200 requires that a verified petition for restitution be made within ninety days of sentencing. The Commonwealth claims that it was proceeding under KRS 532.032 rather than KRS 431.200. The Commonwealth further contends that the order imposing restitution was not a post-sentencing order, but rather, an order simply specifying the amount of restitution to be paid, such restitution having already been ordered. We disagree.

This Court has stated that, "KRS 532.032 ... is now the generally applicable criminal restitution statute." *Fields v. Commonwealth,* 123 S.W.3d 914, 916 (Ky. App.2003). However, in cases where KRS 431.200 is applicable, it "continues to provide an alternative procedure for a post-sentencing restitution order." *Id.* Although KRS 532.032 and KRS 532.033 are the general sentencing statutes, they do not encompass restitution orders which are sought post-sentencing. Further, KRS 532.033(3) makes clear that an order of restitution must "set the amount of restitution to be paid." Here, the trial court failed to set the amount of restitution or the amount and frequency of payments. Thus, the final judgment did not succeed in creating a valid restitution order.

KRS 431.200 controls the imposition of restitution, post-sentencing. It reads as follows:

---

**3.** Such a concession creates an additional issue which, while not directly raised on appeal or during either hearing, supports the appellant's position that the trial court should have conducted a full hearing on the matter. Specifically, Kentucky Revised Statute ("KRS") 532.032(1) provides, "[r]estitution to a named victim, if there is a **named victim,** shall be ordered in a manner consistent, insofar as possible, with the provisions of this section and KRS 439.563, 532.033, 533.020, and **533.030** in addition to any other part of the penalty for any offense under this chapter." (Emphasis added). In *Clayborn v. Commonwealth,* 701 S.W.2d 413 (Ky.App.1985), this Court held that the trial court abused its discretion by ordering the defendant to pay restitution for the victim's medical expenses which exceeded the amount actually paid by the victim. The Court recognized that the victim's insurance company had paid for at least part of the medical expenses and that any amount paid by the insurance company was not properly included in the restitution amount as an insurance company is "not a reimbursable entity under the statute." *Id.* at 416. *See also* OAG 94–57 (Stating that an insurer is not a "victim" under KRS 533.030 or a "person aggrieved" under KRS 431.200). Although we reverse on other grounds, this would have provided an additional ground for reversal.

Any person convicted of a misdemeanor or felony for taking, injuring or destroying property shall restore the property or make reparation in damages if not ordered as a condition of probation. The court in which the conviction is had, if applied to by verified petition made within ninety (90) days of the date the sentence was pronounced, may order restitution or give judgment against the defendant for reparation in damages, and enforce collection by execution or other process. In a petition for restitution or reparation, the court shall cause the defendant, if in custody, to be brought into court, and demand of him if he has any defense to make to the petition. If he consents to the restitution or to reparation in damages in an agreed sum, the court shall give judgment accordingly. Otherwise a jury shall be impaneled to try the facts and ascertain the amount and the value of the property, or assess the damage, as the case may be. A failure to pursue this remedy shall not deprive the person aggrieved of his civil action for the injury sustained.

The statute states plainly that a verified petition for restitution must be made within ninety days of the date the sentence was pronounced. In this case, the Commonwealth failed to file a verified petition within ninety days of Rollins's conviction and sentence. Moreover, Rollins was not "in custody" at the time the motion was filed. Further, the Court did not impanel a jury when Rollins did not consent to the amount of restitution.[4]

Although the plea agreement in this case included language that Rollins would agree to pay restitution, this is not suffi-cient to constitute an order of restitution. Rather, the mention of restitution in the plea agreement, at best, indicated that a restitution claim would be forthcoming from the Commonwealth. However, the Commonwealth failed to file a verified petition (or any motion to set restitution) either before sentencing or within ninety days of sentencing. This failure on the part of the Commonwealth could not be salvaged some seven years later via a "motion to establish damages."

■■ At the time the Commonwealth filed its motion, the trial court no longer had jurisdiction over Rollins. *See, e.g., Silverburg v. Commonwealth,* 587 S.W.2d 241, 244 (Ky.1979) (Noting that a trial court loses jurisdiction over the defendant's case ten days after the entry of final judgment). A court loses jurisdiction ten days after the entry of final judgment, and such jurisdiction can only be renewed or extended by statute or rule. Indeed, a trial court's authority to order a defendant into court for the purpose of restitution is strictly statutory. KRS 431.200; KRS 532.032, *et seq.* As there is no applicable statute which would have extended jurisdiction to the court in this circumstance, it was acting without jurisdiction. As KRS 431.200 is the only statute dealing with *post-sentencing* orders of restitution, its mandates must be met in order for the trial court to have jurisdiction. Here, a verified petition was not made, nor was the petition made within ninety days after sentencing, nor was Rollins in custody at the time of the order. As none of these requirements were met, the court had no authority to impose restitution upon Rollins.[5]

4. Contrary to the Commonwealth's position, we are not persuaded that Rollins consented to the amount of restitution. Rather, Rollins' counsel requested documentation thereof and the opportunity for a full hearing thereon.

5. We note that our result may have been different were we dealing with a case involv-

Finally, we note that Kentucky Rule of Criminal Procedure ("RCr") 10.10 is inapplicable to the present situation because the failure to properly order restitution was a judicial error rather than a clerical one. RCr 10.10 states that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party. . . .

Thus, a court has jurisdiction to correct clerical mistakes in judgments or orders at any time after such error is discovered. However, our Courts have clearly defined the distinction between clerical and judicial errors. As stated in *Cardwell v. Commonwealth*, 12 S.W.3d 672, 680 (Ky.2000), " '[c]lerical errors' are universally defined by both courts and textwriters as inadvertences or oversights by the maker of the record (usually the clerks), and which are apparent on the face of the document or record in which they appear." *Id.* For example, errors involving mistaken dates or mathematical errors are clerical. *Id.* at 679–680. On the other hand, however, "mistakes involving matters of substance are considered judicial errors." *Id.* at 680. In this case, it is clear that the judge (and the Commonwealth) mistakenly believed that the court could order restitution without specifying an amount to be paid (and that such amount could be supplemented at any point in the future). As such, the error is one of substance and is not correctable under RCr 10.10.

Accordingly, we reverse the order of the McCreary Circuit Court setting restitution. We note, as an aside, that KRS

ing probation or an alternative sentence instead of imprisonment, as KRS 533.020 provides that a trial court can modify or enlarge the conditions of probation at any time prior to the expiration of the alternative sentence.

431.200 makes clear that the victims of Rollins's crimes are not precluded civil recourse.

ALL CONCUR.

Here, there was no such statutory language extending jurisdiction, and furthermore, Rollins had served out his sentence and was no longer in custody.