**Michael A. PEAK, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2014–CA–000500–MR**

Court of Appeals of Kentucky.

RENDERED: JUNE 26, 2015; 10:00 A.M.

Rehearing Denied September 16, 2015.

Discretionary Review Denied by Supreme Court March 9, 2016

BRIEFS FOR APPELLANT: Michael A. Peak, Pro se, Lagrange, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, Kentucky

BEFORE: D. LAMBERT, THOMPSON, AND VANMETER, JUDGES.

*OPINION*

VANMETER, JUDGE:

In 2013, the General Assembly greatly expanded those criminal defendants who could have access to post-conviction DNA analysis. In this case, we must determine whether the Jefferson Circuit Court erred in its determination that it did not have jurisdiction to decide Michael A. Peak's motion for testing. While we conclude the Circuit Court did err, we nevertheless hold that such determination was harmless error under the facts of this case and therefore affirm.

On March 7, 2003, Peak was convicted of murder, robbery in the first degree, criminal conspiracy to commit murder, and tampering with physical evidence and sentenced to life imprisonment without parole for twenty-five years. During the trial, the Commonwealth presented evidence of male human blood found at the crime scene, but at the time, DNA evidence could not be extracted from the victim's remains or matched to the blood found at the scene. Peak was convicted when his two co-conspirators testified that he had been the one to shoot and stab the victim.

Following Peak's sentencing, DNA was extracted from the victim's remains and the victim was identified. However, the victim's DNA was never compared to the DNA found at the crime scene. On January 3, 2014, Peak moved for access to DNA test results pursuant to KRS[1] 422.285, seeking to compare the DNA found at the crime scene with that of the victim. The trial court denied Peak's motion, finding that it lacked jurisdiction to grant the requested relief. This appeal followed.

On appeal, Peak argues that according to KRS 422.285, the court did have jurisdiction to hear his case, that he should have been granted access to the DNA test results and he should have been appointed counsel from the Department of Public Advocacy. "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is *de novo*." *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53–54 (Ky.2007).

Peak claims that KRS 422.285 statutorily extends the trial court's jurisdiction over his case, despite the entry of a final judgment over two years ago. "A court loses jurisdiction ten days after the entry of final judgment, and such jurisdiction can only be renewed or extended by statute or rule." *Rollins v. Commonwealth*, 294 S.W.3d 463, 466 (Ky.2009). We agree with Peak that KRS 422.285 statutorily extends the trial court's jurisdiction over his case. KRS 422.285(1)(a) states:

Except as provided in paragraph (b) of this subsection, a person who was convicted of a capital offense, a Class A felony, a Class B felony, or any offense designated a violent offense under KRS 439.3401 and who meets the requirements of this section **may at any time** request the forensic deoxyribonucleic

---

1. Kentucky Revised Statutes.

acid (DNA) testing and analysis of any evidence that is in the possession ·or control of the court or· Commonwealth, that is related to the investigation or prosecution that resulted· in the judgment of conviction and that·may contain biological evidence.

(emphasis added). Hence, the trial court is granted jurisdiction to review a convict's petition for·DNA testing at any time after his conviction. Since Peak was convicted in the Jefferson Circuit Court, we believe that court was the proper venue for Peak to seek DNA· testing, and KRS 422.285 granted the court jurisdiction to review and either grant or deny·Peak's petition.

 However, we find the trial court's denial of Peak's motion for want of jurisdiction to be harmless error. Harmless error is described as follows:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or· order, or in anything done or omitted by the court or by any of the parties, is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order unless it appears to the court that the denial of such relief would be inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties.

RCr[2] 9.24. Here, we do not believe that the trial court's denial of Peak's petition was inconsistent with substantial justice, nor do we believe that such denial affected Peak's substantial rights.

2. Kentucky Rules of Criminal Procedure. ·

3. *Bowling* refers to a previous edition of KRS 422.285, which was modified in 2013 to include persons other than those sentenced to death as persons able to petition the court for DNA testing and analysis. Sections 2 and 3

"[T]he first level of proof the movant must make in support of the DNA testing request, under either section (2) or (3) of the statute, is · that the evidence sought would either exonerate the defendant, lead to a more favorable verdict or sentence, or otherwise be exculpatory."[3] *Bowling v. Commonwealth,* 357 S.W.3d 462, 467–68 (Ky.2010). In this case, Peak has failed to.show how the DNA evidence he seeks would be in any way exculpatory or reasonably likely to earn him a more favorable sentence. Peak was convicted of murder and the other related charges even when his victim was unidentified. The· basis for his conviction was the testimony of his co-conspirators, who indicated that Peak had been the one to kill the victim. Comparing DNA evidence from the scene of the crime with·the now identified victim's DNA is highly unlikely to benefit Peak or change the outcome of his conviction and sentence.

Even if the trial court had not denied Peak's petition for want of jurisdiction, his petition would not have been granted because Peak did not meet the standard required by either KRS 422.285(5) or (6) for DNA testing and analysis. Consequently, we find the trial court's denial of Peak's petition for want of jurisdiction to be harmless error.·

The order of the Jefferson Circuit Court is affirmed.

All concur.

as referred to in *Bowling* are identical to · · sections 5 and 6 in the current version of KRS 422.285, which concern, respectively, when the court is mandated to order DNA testing and analysis, and when such an order is within the court's discretion. ·