THOMPSON, JUDGE:
The Commonwealth appeals from the Jefferson Circuit Court's order remanding the Commonwealth's motion to revoke probation for failing to pay restitution on the basis that Kwame T. Adams satisfied his sentence by completing his five-year term of probation.
The Commonwealth argues that pursuant to the terms of Adams's plea agreement, he agreed to pay $218,000 in restitution. While it admits that the judgment did *227 not include a requirement that Adams pay restitution, it argues that Adams's probation was properly extended while the circuit court had jurisdiction pursuant to Kentucky Revised Statutes (KRS) 533.020(4) on the condition that his probation continue until his restitution was paid. The Commonwealth also argues that Adams waived any right to challenge his extended probation where he agreed to the extension so that his probation would not be revoked.
In 2007, Adams was indicted for criminal syndication, engaging in organized crime; theft by deception over $300; and fifty-five counts of criminal possession of a forged instrument, in the second degree. Pursuant to a plea agreement Adams signed on July 17, 2007, Adams pled guilty to these charges. It was explicitly stated in the plea agreement "[d]efendant agrees to joint and several responsibility for approximately $219,000 in restitution due area banks."
On October 1, 2007, Adams's judgment of conviction and sentence was entered. He was sentenced to ten years for criminal syndication, five years for theft by deception and five years for the fifty-five counts of criminal possession of a forged instrument in the second decree, with all counts to run concurrently for a total of ten years. Adams was placed on probation for five years subject to his compliance with enumerated conditions. None of the conditions involved paying restitution. The judgment concluded that upon completion of his probation, Adams would be discharged.
On October 24, 2007, the Commonwealth filed a restitution schedule (the 2007 restitution schedule). This was not an order and not signed by a judge. This form indicated Adams was to have five years of probation and his restitution ordered was $143,360.32 plus 12% per annum interest. He was to pay $200 monthly until paid, with the first payment due on December 14, 2007, paid through the Jefferson Circuit Court Clerk to fourteen recipients.
Adams began paying restitution but, according to a March 2009 supervision report, he was not paying the full amount of $200 due each month.
In March 2010, the Commonwealth moved to revoke Adams's probation based upon a supervision report that Adams failed to pay court ordered fees, failed to report and absconded from probation supervision.
In an order entered on November 8, 2010 (the 2010 order), the circuit court ordered Adams remain on probation, ordered him to comply with previously ordered conditions of probation, ordered him to serve 120 days and ordered "[t]he defendant's probation shall be extended until all restitution is paid."
On November 17, 2010, the Commonwealth filed another restitution schedule (the 2010 restitution schedule) stating that Adams had restitution ordered of $1,146.76 and 5% per annum interest at a rate of $50.00 monthly to the Kentucky State Treasurer through the Jefferson Circuit Court Clerk, apparently for probation supervision fees. The circuit court never signed, adopted or ordered Adams to comply with this restitution schedule.
In September 2012, the Commonwealth moved to have Adams's probation revoked based on a supervision report, which stated that Adams was sentenced to pay restitution in the amount of $156,223.07 and had violated his probation by being $143,886.07 in arrears on his restitution, having only paid $12,335.00 toward his restitution since being placed on probation in 2007.[1]
*228 At the November 29, 2012 hearing held on this motion, Adams explained he was finishing a program to become a commercial truck driver and could not pay his restitution and tuition and requested that his obligation be suspended for ninety days, by which time he anticipated he would have completed the program and begin working. The Commonwealth stated that under these circumstances, it would not seek revocation but requested the circuit court make it an explicit condition that Adams remain on probation until his restitution obligation was paid. The circuit court instructed Adams in accordance with this request and Adams stated that he understood.
In its written order, issued the same day (the 2012 order), the circuit court ordered that the Commonwealth's motion to revoke probation be remanded and it was further ordered that "[Adams's] restitution in the amount of $200 per month shall be suspended for the next 90 days. [Adams] shall resume paying restitution after the 90 days and shall remain on probation until all restitution is paid in full."
In March 2013, the Commonwealth moved to have Adams's probation revoked based on a supervision report stating that Adams had a new felony arrest in Kansas and had left the state without permission. Its motion was repeatedly continued to await the outcome of his Kansas charge. On July 15, 2015, the circuit court ordered Adams remain on probation.
In March 2016, the Commonwealth filed a motion to revoke Adams's probation based on a supervision report stating that Adams failed to make restitution as directed based on the 2010 order that he pay restitution in the amount of $1,146.76 at a monthly rate of $50 and owed a balance of $746.26.[2] In January 2017, the Commonwealth filed another motion to revoke Adam's probation based on a supervision report stating that Adams had a balance of $141,013.26 on his restitution.
At the hearing held on February 14, 2017, Adams, relying on Rollins v. Commonwealth , 294 S.W.3d 463 (Ky. App. 2009), moved that the motion be remanded and his probation be terminated as his judgment had not contained the requirement that he pay restitution and he had served out his probation.
On February 16, 2017, an order remanding was entered. The body of the order states in full as follows:
This matter came before this Court on February 14, 2017 on the Commonwealth's Motion to Revoke probation due to failure to pay restitution. The Defendant through counsel objected to that motion and asked that the Court remand the Commonwealth's Motion, arguing that the Court lacked jurisdiction due to the Defendant's probationary period having expired. Upon careful review of the record in this matter, the court must agree with the Defendant. The Judgment of Conviction in this matter was entered on September 27, 2007 and expressly states that the period of the Defendant's probation shall be 5 years. The Judgment does not mention restitution nor is there any language authorizing an extension of the probationary period. Accordingly, the Court must GRANT the Defendant's Motion to Remand the Commonwealth's Motion and the record shall reflect that the Defendant has now satisfied service of his *229 sentence in this matter and that this matter be remanded from the Court's docket.
The Commonwealth filed a motion to reconsider which the circuit court denied after a hearing.
Three statutes are applicable to our inquiry as to whether Adams could properly be ordered to pay restitution in the 2010 and 2012 orders continuing him on probation, and whether they were sufficient to continue his probation beyond his original term of five years: KRS 431.200, KRS 532.033 and KRS 533.020(4).
KRS 431.200 states in relevant part as follows:
Any person convicted of a misdemeanor or felony for taking, injuring or destroying property shall restore the property or make reparation in damages if not ordered as a condition of probation. The court in which the conviction is had, if applied to by verified petition made within ninety (90) days of the date the sentence was pronounced, may order restitution or give judgment against the defendant for reparation in damages, and enforce collection by execution or other process.
KRS 532.033 states in relevant part as follows:
When a judge orders restitution, the judge shall:
(1) Order the restitution to be paid to a specific person or organization through the circuit clerk, who shall disburse the moneys as ordered by the court;
...
(3) Set the amount of restitution to be paid;
(4) Set the amount and frequency of each restitution payment or require the payment to be made in a lump sum;
... and
(8) Not release the defendant from probation supervision until restitution has been paid in full and all other aspects of the probation order have been successfully completed.
KRS 533.020(4) states as follows:
The period of probation, probation with an alternative sentence, or conditional discharge shall be fixed by the court and at any time may be extended or shortened by duly entered court order. Such period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony nor two (2) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a misdemeanor. Upon completion of the probationary period, probation with an alternative sentence, or the period of conditional discharge, the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and probation, probation with an alternative sentence, or conditional discharge has not been revoked.
In Rollins , the Court addressed the issue of when restitution can be added post-judgment in a non-probation situation. In Rollins the judgment did not impose restitution and after Rollins had served out his sentence the Commonwealth sought to impose restitution. The Court discussed the matter of setting restitution under these circumstances in relevant part as follows:
Although the plea agreement in this case included language that Rollins would agree to pay restitution, this is not sufficient to constitute an order of restitution. Rather, the mention of restitution in the plea agreement, at best, indicated that a restitution claim would be forthcoming from the Commonwealth. However, the Commonwealth *230 failed to file a verified petition (or any motion to set restitution) either before sentencing or within ninety days of sentencing. This failure on the part of the Commonwealth could not be salvaged some seven years later via a "motion to establish damages."
... As KRS 431.200 is the only statute dealing with post-sentencing orders of restitution, its mandates must be met in order for the trial court to have jurisdiction. Here, a verified petition was not made, nor was the petition made within ninety days after sentencing, nor was Rollins in custody at the time of the order. As none of these requirements were met, the court had no authority to impose restitution upon Rollins.
Finally, we note that Kentucky Rule of Criminal Procedure ("RCr") 10.10 is inapplicable to the present situation because the failure to properly order restitution was a judicial error rather than a clerical one.
Rollins , 294 S.W.3d at 466-67 (footnote omitted)(emphasis original).
Pursuant to Rollins , there was no valid restitution order based on Adams's plea agreement where his judgment did not order restitution and the Commonwealth failed to file a verified petition for restitution. The 2007 restitution schedule had no effect because Adams was never ordered to comply with it. The question is whether the circuit court could later order Adams to pay restitution while he was on probation.
The Court in Rollins stated in a footnote that its result would not necessarily be applicable to a case involving probation "as KRS 533.020 provides that a trial court can modify or enlarge the conditions of probation at any time prior to the expiration of the alternative sentence." Id. at 466 n.5.
In Gilbert v. Commonwealth , No. 2011-CA-002107-MR, 2013 WL 489808, 3 (Ky. App. Feb. 8, 2013) (unpublished),[3] the Court discussed the implications of the Rollins footnote to a case in which restitution was ordered after the defendant was placed on probation:
We agree that KRS 533.020 gives a trial court, which imposed probation, ongoing jurisdiction to order restitution more than ten days after sentencing without following the process of KRS 431.200.
...
The court retains authority to modify the terms of probation to ensure that restitution is paid in full. Because probation is a privilege rather than a right, a probationer only has the right to remain on probation while the trial court is satisfied that the probationer is complying with the conditions of probation. Tirung [Tiryung] v. Commonwealth, 717 S.W.2d 503, 504 (Ky. App. 1986). Unlike Rollins, in which the court lost jurisdiction, a court imposing probation does not lose jurisdiction to modify a sentence to probation because there is statutory authority for ongoing jurisdiction so long as probation is still in effect.
In Gilbert , while the defendant's sentencing order was incomplete by ordering restitution but not specifying the amount, the defendant had "agreed to pay an indefinite amount of restitution as a condition of her probation and consented to have that amount later determined." Id. The Court held that the trial court "had jurisdiction to modify [the defendant's] probated sentence *231 in its restitution order to comply with the requirements of KRS 533.030 that full restitution be ordered, and KRS 532.033(8) and KRS 533.020(4), that probation continue until restitution was paid in full" under these circumstances "so long as the restitution process satisfied due process requirements." Gilbert , 2013 WL 489808 at 3.
The question then becomes, what process is required to impose restitution during a term of probation to comply with statutory requirements? Pursuant to KRS 532.033, any order of restitution shall specify who it is to be paid to, set the amount of restitution to be paid and the amount and frequency of each payment.
The 2010 order, which only stated "[t]he defendant's probation shall be extended until all restitution is paid" clearly failed to satisfy the requirements of KRS 532.033. The 2010 order did not specify the amount of restitution Adams was to pay, to whom it was to be paid, or the amount of payments. The 2010 restitution schedule could not remedy this deficiency because Adams was never ordered to comply with it. The 2012 order was also defective in fulfilling the requirements of KRS 532.033 because it did not specify the amount of restitution Adams was to pay or to whom it was to be paid, although it did specify he was to make monthly payments of $200.[4]
In addition to not meeting the requirements of KRS 532.033, the 2010 order did not satisfy the requirements for extending Adams's term of probation beyond the originally ordered five years. With the expansion of KRS 533.020(4) to permit an extension of probation beyond the five-year period to complete restitution, a court must make proper findings before the extension of a probationary period can be imposed:
By implication, a determination of necessity is a prerequisite to any extension beyond five years. Because such a factual determination falls uniquely within the trial court's purview, it follows that the phrase anticipates that the determination of whether additional time beyond five years period is necessary must be addressed by the trial court as a factual finding either (1) when it initially fixes probation at the time of the final judgment, or (2) later, if it becomes necessary to extend the probationary period in order to assure that the defendant's restitution obligation is satisfied.
Commonwealth v. Wright , 415 S.W.3d 606, 611 (Ky. 2013) (footnote omitted).
Adams's final judgment which imposed five years of probation did not contain a factual finding that additional time was necessary for him to complete restitution; indeed, restitution was never addressed in that judgment. Therefore, any order extending restitution needed to contain a factual finding that an extension of probation was necessary for Adams to complete his restitution obligation. Neither the 2010 order, nor the 2012 order, contained such a factual finding.
A factual finding that probation must be extended will not be implied. In Delk v. Commonwealth , No. 2012-CA-001678-MR, 2014 WL 1778388, 1-2 (Ky. App. May 2, 2014) (unpublished), the Court held that language in an original judgment that made the defendant's one year of probation "subject to the conditions below" which included the payment of restitution and made the completion of probation conditional *232 on complying with the conditions of probation, did not indicate that the trial court made a factual finding that the defendant required a prolonged period of probation to complete paying restitution when he was originally probated.
Therefore, Adams entering into a plea agreement with a sizeable restitution requirement could not extend the length of his probation by implication, even had his judgment required he complete his restitution, which it did not. While it is possible that a defendant could waive the requirement of a factual finding that an extension of probation was needed for the defendant to complete restitution, or waive compliance with the requirements of KRS 532.033 for imposition of restitution, there is no indication that Adams did so.
In interpreting an earlier version of KRS 533.020(4) which did not provide an extension of probation beyond five years for "the time necessary to complete restitution," the Kentucky Supreme Court in Commonwealth v. Griffin , 942 S.W.2d 289, 291-92 (Ky. 1997), noted that although the five year period had the purpose of protecting a convicted defendant from being subject to a probationary status of indefinite duration, its purpose was "not served if it is interpreted to preclude a knowing and voluntary waiver of the five year limitation by a defendant in exchange for avoiding a revocation of his probation and imprisonment" and such defendant was estopped from attacking the court's jurisdiction to revoke probation in his particular case. See Wright , 415 S.W.3d at 613 n.3 (clarifying that "[i]t is worth noting that even without a finding of necessity, a probationer may knowingly and voluntarily agree to an extension of probation beyond five years, for example to avoid revocation of probation."). Compare with Miller v. Commonwealth , 391 S.W.3d 801, 806 (Ky. 2013) (no jurisdiction to extend probation beyond the statutory limitation where the defendant did not request the extension but opposed it).
There is no indication that Adams knowingly agreed to imposition of restitution or to extend the term of his probation to avoid revocation in regard to the 2010 order. Instead, the circuit court denied the Commonwealth's attempt to revoke Adams's revocation without any indication that Adams was agreeing to the imposition of restitution or an extension of his probation rather than be revoked.
We also note that Adams could not waive the expiration of his term of probation after his probation already expired. In Delk , 2014 WL 1778388 at 2, the Court explained that any knowing waiver of the limits on the probationary limits had to occur while the probation was still in effect to be valid:
While Delk apparently negotiated for an extension of probation rather than revocation after the probationary period had expired, Delk could not waive the completion of his probation or imbue the trial court with the authority to extend it at that time.... Consequently, the extension of probation was void.
An unsuccessful attempt by a court to extend a probationary period rather than revoking it prior to its expiration will not allow revocation after the probationary term has expired by operation of statute. Curtsinger v. Commonwealth , 549 S.W.2d 515, 516 (Ky. 1977). This is because KRS 533.020(4)"states in clear and unambiguous terms that revocation must occur 'prior to the expiration ... of probation.' There is no plausible interpretation other than that probation must be revoked, if at all, before the probationary period expires." Conrad v. Evridge , 315 S.W.3d 313, 315 (Ky. 2010). See Wright , 415 S.W.3d at 613 (interpreting KRS 532.033(8) as not *233 permitting a judge to reduce a probationary period before restitution is paid, but not preventing the expiration of probation before restitution is paid by operation of law where the probationary period expires).
Therefore, even if Adams attempted to waive any rights he had, such a waiver would have been ineffective to resurrect his probation through the 2012 order. A court could not require that he pay restitution after his probationary period had already expired.
It is evident that the Commonwealth had many opportunities to seek an appropriate court order requiring Adams to pay restitution and maintaining him on probation until he completed this restitution. However, the Commonwealth apparently failed to request that restitution be required in Adams's judgment as a condition of his probation. The Commonwealth could have filed a timely petition for restitution but failed to do so. The Commonwealth also could have requested at any time during Adams's five year probation that the terms of his probation be altered to require him to pay restitution, with the specific terms of to whom, how much, and in what amounts being specified, but the Commonwealth did not do so. If the Commonwealth had requested a proper order of restitution through any of these means, it could have also requested that Adams's term of probation be extended for a sufficient length of time for him to pay this restitution, either as part of an original order imposing restitution or through a subsequent order.
Neither the 2010 order, nor the 2012 order were effective to either impose restitution upon Adams or extend the term of his probation. Therefore, Adams's probation expired at the end of five years without a valid restitution order ever being entered. For this reason, the circuit court acted properly in remanding. While it may be regrettable that Adams thereby escapes his plea-bargained obligation to pay restitution, this is the result of the Commonwealth's multiple errors rather than any bad faith actions on Adams's part.
Accordingly, we affirm Jefferson Circuit Court's order remanding the Commonwealth's motion to revoke probation.
CLAYTON, CHIEF JUDGE, CONCURS.
MAZE, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

It appears the $156,223.07 figure is derived from adding the amounts due under the 2007 and 2010 restitution schedules plus interest.

We note that the 2010 order did not specify an amount of restitution due or a rate at which it would be paid. This information was apparently derived from the 2010 restitution schedule the Commonwealth filed which the circuit court never adopted.

Pursuant to Kentucky Rules of Civil Procedure (CR) 76.28(4)(c), we may properly consider this unpublished appellate decision and the other unpublished appellate decisions discussed in this opinion because there are no published opinions that would adequately address the issues they address.

While we ultimately conclude that Adams's probation expired prior to the 2012 order being entered, we address what effect it would have had if his probation had not already expired before it was entered in the interest of completely addressing the Commonwealth's arguments.