MAZE, JUDGE, DISSENTING:
Respectfully, I must dissent from the result reached by the majority opinion. The majority relies heavily on Rollins v. Commonwealth , 294 S.W.3d 463 (Ky. App. 2009), in reaching its conclusion that there was no valid restitution order entered in this case. As noted in Rollins , the trial court was authorized to enter a restitution order either as part of the sentencing order, KRS 532,032, or in a post-sentencing order as provided by KRS 431.200. Id. at 465-66. As the majority correctly points out, no such order was entered in this case. Furthermore, the unsigned restitution schedules filed by the Commonwealth do not satisfy the statutory requirements.
But under the particular facts of this case, I must conclude that Adams waived any objection to these defects. As part of his July 18, 2007 guilty plea, Adams specifically agreed to be responsible for restitution in the amount of $218,000, although that condition was not listed in the trial court's October 1, 2007 judgment. Regardless, Adams began paying the $200 per month as directed in the restitution schedule filed by the Commonwealth.
But Adams's compliance with that schedule was short-lived. The Commonwealth *234 first sought to revoke his probation in March of 2010 based on his failure to pay restitution as directed. The trial court denied the motion to revoke but specified that that Adams's probation "shall be extended until all restitution is paid." The Commonwealth filed another restitution schedule setting out his obligations. Adams resumed making payments under that schedule.
The Commonwealth again moved to revoke Adams's probation in 2012. At a hearing on the motion, Adams stipulated to "not paying restitution as ordered." However, he asked the court to suspend his $200 per month payments for ninety days while he took training for a new job. Based on this request, the trial court denied the motion to revoke. Adams agreed that he would remain on probation until restitution was paid. However, he violated another condition of his probation by incurring criminal charges in Kansas. Due to those charges, he was not returned to Kentucky until 2016.
I agree with the majority that the Commonwealth had the obligation to ensure that a written restitution order was entered by the trial court. In no way do I excuse the Commonwealth's failure to do so in this case. However, Adams never raised the absence of a written restitution order until well after the original probationary period had passed. At every appearance prior to that point, he admitted that he failed to pay restitution as directed. Moreover, Adams voluntarily agreed to extend his probation until the restitution was paid. Adams never objected to the form or the amount of the previously-agreed upon restitution. He did not advise the trial court of the absence of a written restitution order until March 2016, which was after the statutory period had lapsed.
The trial court was authorized to extend Adams's probation until he paid the restitution in full. Commonwealth v. Wright , 415 S.W.3d 606, 611 (Ky. 2013). While still within the probationary period, the trial court made a finding of necessity required by KRS 533.020(4). Id. The trial court entered this order in reliance upon Adams's agreement and representations in open court. Adams twice avoided revocation of his probation and being sentenced to serve his ten-year sentence. Notwithstanding the lapses by the Commonwealth, it is simply unreasonable to allow Adams to run out the clock by waiting until well after the original probation period had lapsed.
Under these circumstances, I must conclude that Adams waived any objection to the lack of a signed and statutorily-compliant restitution order. Therefore, I would hold that the trial court erred by remanding the Commonwealth's motion to revoke probation. Rather, I would remand this matter for entry of a formal restitution order and for a hearing on the merits of the Commonwealth's motion to revoke.