RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1381-MR

COURTNEY LIGHTNER                                                    APPELLANT

v.            APPEAL FROM OLDHAM CIRCUIT COURT
        HONORABLE KAREN A. CONRAD, JUDGE
                ACTION NO. 19-CR-00189

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, TAYLOR, JUDGES.

LAMBERT, JUDGE: Courtney Lightner appeals from the Oldham Circuit Court's order setting restitution of $371.70, arguing that the circuit court lacked jurisdiction. After careful review of the record, applicable statutes, and case law, we affirm.

Lightner was arrested on May 1, 2019, for theft of mail matter (Kentucky Revised Statute (KRS) 514.140)[1] from the Buckner, Kentucky, post office. Three months later, as part of an Oldham Circuit Court "rocket docket" offer to her, Lightner entered guilty pleas to five counts of the offense and received two years' imprisonment for each conviction (to run concurrently for a total of two years), and the sentences were diverted for three years. At her circuit court appearance on that date, Lightner testified that she had opened mail and taken gift cards and cash while employed by the United States Postal Service at the Buckner Post Office.

---

[1] KRS 514.140 ("Theft of mail matter") reads:

> (1) A person is guilty of theft of mail matter when with intent to deprive the owner thereof [s]he:
>
>> (a) Steals;
>>
>> (b) By fraud or deception obtains;
>>
>> (c) Embezzles;
>>
>> (d) Conceals;
>>
>> (e) Damages; or
>>
>> (f) Destroys;
>
> any mail matter of another (including but not limited to any letter, postal card, package, bag, or other item) from any letterbox, mail receptacle, or other authorized depository for mail matter, or from a letter carrier, postal vehicle, or private mail box or which has been left for collection or delivery adjacent thereto by the United States Postal Service.
>
> (2) Theft of mail matter is a Class D felony.

As part of the diversion program established on the date of her guilty pleas, Lightner was ordered to pay restitution to the victims as well as court costs. By agreement of all parties, the matter was continued until September 5, 2019, to review the issue of restitution, which was tentatively earmarked as being $50.00. On that date, $50.00 was withheld from Lightner's bond to be applied to her restitution. At the September 5 hearing, the Commonwealth informed the circuit court that the restitution amount was $650.00.[2] This was acknowledged on the record by Lightner's counsel. Since Lightner's appearance had been waived for that hearing, the matter was passed to October 3, 2019.

When she appeared at the October hearing, Lightner insisted that she had been told that she would owe no more than $50.00. The matter was again continued for the Commonwealth to produce witness testimony and supporting evidence upon which the circuit court could base its findings. The record reflects that additional hearings concerning the restitution amount were held on December 19, 2019; February 6, 2020; March 5, 2020; April 23, 2020; June 25, 2020; and July 16, 2020. It was at the October 3, 2019, hearing that Lightner first asserted that the circuit court had lost jurisdiction to impose restitution at an amount other than $50.00. On March 5, 2020, Defense counsel objected that the court had lost "particular case" jurisdiction since too much time had passed since the October 3,

---

[2] The actual amount requested by the victim's advocate was $604.00.

2019, hearing. The circuit court ordered the parties to brief the issue and set the next hearing on April 23, 2020.

The circuit court overruled Lightner's objection and ultimately held, in its order entered October 5, 2020, that Lightner was responsible for a total of $371.70, payable at the rate of $105.00 per month until satisfied. Lightner filed a timely notice of appeal.

We begin our analysis by citing the relevant statutes which address restitution. KRS 431.200 ("Reparation for property stolen or damaged, from person convicted") provides:

> Any person convicted of a misdemeanor or felony for taking, injuring or destroying property shall restore the property or make reparation in damages if not ordered as a condition of probation. The court in which the conviction is had, if applied to by verified petition made **within ninety (90) days of the date the sentence was pronounced**, may order restitution or give judgment against the defendant for reparation in damages, and enforce collection by execution or other process. In a petition for restitution or reparation, the court shall cause the defendant, if in custody, to be brought into court, and demand of him if he has any defense to make to the petition. If he consents to the restitution or to reparation in damages in an agreed sum, the court shall give judgment accordingly. Otherwise a jury shall be impaneled to try the facts and ascertain the amount and the value of the property, or assess the damage, as the case may be. A failure to pursue this remedy shall not deprive the person aggrieved of his civil action for the injury sustained.

(Emphasis added.) Restitution is defined as "any form of compensation paid by a convicted person to a victim for counseling, medical expenses, lost wages due to injury, or property damage and other expenses suffered by a victim because of a criminal act." KRS 532.350(1)(a). Furthermore, KRS 532.032(2) states: "If pretrial diversion is granted, restitution shall be a part of the diversion agreement." And, Kentucky Rule of Criminal Procedure (RCr) 10.10 addresses clerical errors in judgments, stating:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is perfected in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

We next cite relevant case law. "Pursuant to KRS 532.033, any order of restitution shall specify who it is to be paid to, set the amount of restitution to be paid and the amount and frequency of each payment." *Commonwealth v. Adams*, 566 S.W.3d 225, 231 (Ky. App. 2018); *see also Compise v. Commonwealth*, 597 S.W.3d 175, 182 (Ky. App. 2020).

> Our conclusion today is limited to facts like those presented in this case: **where a defendant effectively consents to the trial court's holding the restitution hearing after entry of the final judgment or otherwise fails to object and raise the "jurisdictional" question**

-5-

**to the trial court.** If the defendant objected at trial, the question would be live on appellate review.

But Steadman never objected and therefore waived this claim. He never gave the trial court an opportunity to resolve these issues. For that reason, the issue was dead and decided when the appeal began. Because Steadman failed to raise this issue before the trial court, he is barred from pursuing it. Moreover, he has not framed a question of the trial court's general subject-matter jurisdiction.

*Commonwealth v. Steadman*, 411 S.W.3d 717, 725-26 (Ky. 2013) (emphasis

added).

A review of the proceeds in the trial court reveals Adams clearly acquiesced to the trial court's exercise of particular-case jurisdiction and waived any alleged error.

. . .

Here, Adams unquestionably acquiesced in the trial court's exercise of particular-case jurisdiction to enter the belated restitution order. The record reveals Adams at no time objected to the trial court's jurisdiction during any of the proceedings herein, probably due, in large part, to the fact he was receiving diversion rather than a prison sentence. Consequently, Adams waived the alleged error, and thus there was no palpable error.

*Adams v. Commonwealth*, 560 S.W.3d 879, 883 (Ky. App. 2018). And lastly:

[T]he trial court's jurisdiction over the diverted case is extinguished in two circumstances: (1) upon the imposition of sentence in an unsuccessful diversion; or (2) upon entry of an order listing the charges as "dismissed-diverted" as required by KRS 533.258(1) after successful completion of the diversion agreement. Neither has occurred in this case.

*Ballard v. Commonwealth*, 320 S.W.3d 69, 73 (Ky. 2010).

With these standards in mind, we address Lightner's allegations of error. The question here, where Lightner initially acquiesced to a continuance but later objected, is somewhat different from case law precedent. However, the record clearly reflects, in both the hearings and court filings, that the amount of restitution remained unsettled and that Lightner's counsel was made aware, prior to the September 2019 hearing, that the Commonwealth would be seeking upwards of $600.00 toward satisfying the victims' losses. Also, the docket notations made in the initial hearings did not comply with the statutory requirements of KRS 532.033. *Adams*, 566 S.W.3d at 231; *Compise*, 597 S.W.3d at 181.

In its order overruling Lightner's objection to setting a further restitution hearing, the circuit court, citing *Steadman*, *supra*, held:

> At the outset, it should be noted that both [Lightner] and counsel for [Lightner] agreed that restitution could be determined at a later date. In addition, counsel for [Lightner] agreed that if restitution was set at a higher amount than that of $50.00, that a hearing would be scheduled to determine the amount of restitution owed. Last it should also be noted that the only person indicating that $50.00 was the total amount of restitution owed was [Lightner].
>
> . . .
>
> In the present case, [Lightner] agreed to continue the case to determine restitution. The restitution amount was relayed to counsel for [Lightner] in September [2019]. The amount of restitution had never been

determined when, in October, [Lightner] erroneously informed the Court otherwise. Counsel for [Lightner] also mistakenly thought that the amount of restitution had been set by the Court and objected to the Commonwealth's attempt to raise it after the restitution had been determined. Based upon the foregoing, the Court believes that [Lightner] waived her particular case jurisdiction. In addition, it was only through information erroneously tendered to the Court regarding the amount owed that resulted in the Court entering an order stating the matter of restitution had been resolved.

We find no error in the circuit court's holding. Although Lightner later objected to particular case jurisdiction, her initial waiver as well as timely notice of an ongoing dispute was sufficient evidence in the record to support the factual basis upon which the circuit court made a finding of waiver. Moreover, there is no question that the circuit court retained its jurisdiction over Lightner's case until the "successful completion of the diversion agreement." *Ballard*, 320 S.W.3d at 73.

The judgment of the Oldham Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky