RENDERED:  JUNE 20, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0745-MR

JOSEPH LAWSON                                                                 APPELLANT

v.             APPEAL FROM WASHINGTON CIRCUIT COURT
HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 22-CR-00006

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

CETRULO, JUDGE:  Appellant Joseph Lawson ("Lawson") appeals a circuit court
order denying his motion to quash a show cause hearing for restitution after he
completed his sentence.  After review, we affirm the Washington Circuit Court.

## BACKGROUND

Joseph Lawson broke a window, unlawfully entered the home of his
former girlfriend, Katherine Hanson ("Hanson"), and caused extensive damage to
her car.  On April 26, 2023, he pled guilty to first-degree criminal mischief and

criminal trespass. In accordance with the plea agreement, he was sentenced to one year in prison, probated for three years. The judgment and sentence also imposed an obligation upon him to pay $1,575.00 in restitution to Hanson at a rate of $200.00 per month and to have no contact with Hanson. The circuit court discussed these and other conditions of the sentence with Lawson and advised him that restitution payments would be required to begin on June 1, 2023, and continue until the total amount was paid, with a review date scheduled in July 2023.

In August 2023, the Commonwealth moved to revoke Lawson's probation, alleging he had failed to report to his probation officer; failed to appear in court in July 2023; and failed to make the restitution payments as ordered to Hanson. He was in custody on another charge (although that predated his probation case). At the revocation hearing in November 2023, taking into account his credit for time previously served, Lawson agreed to stipulate to the violations and to serve the remainder of his sentence. At this hearing, the court reiterated the violations and confirmed Lawson's stipulation to having his probation revoked for absconding and for not paying restitution. The court again advised Lawson that he would still be responsible for restitution once he had served his sentence.

Based upon Lawson's time previously served, it was anticipated that he would be released in late April or early May 2024. The circuit court set the matter for a status hearing on May 22, 2024 to review and then determine his

ability to pay once he was released. If still incarcerated, the court explained, the matter would be continued for another six months. Lawson did not object to this review of his continuing restitution obligation.

Six months later, just prior to the review date, counsel for Lawson filed a motion to quash the show cause order for the hearing in May. Counsel submitted documentation that Lawson had been "administratively released" from his one-year sentence on May 1, 2024. In the motion, Lawson argued the circuit court had lost jurisdiction to continue the restitution obligation "because his previously suspended one (1) year sentence ha[d] been revoked. [And,] [p]ayment of restitution was an express condition of his sentence remaining suspended." Further, he argued, "[b]ecause Mr. Lawson [was] no longer on probation, and because his sentence [was] no longer suspended, there [was] nothing else for [the] Court to revoke." Finally, he concluded that because his "probation ha[d] been revoked, he ha[d] been sentenced to serve his one (1) year sentence, and there [was] no applicable statute which extend[ed] [the] Court's jurisdiction[.]"

At the hearing on May 22, 2024, it was apparent that Lawson remained incarcerated, although now on other charges. The circuit court denied Lawson's motion, stating that it disagreed with his interpretation of the law and concluding that it still had jurisdiction to enforce restitution. However, Lawson

could not pay while still incarcerated, and the case was set for review again on May 21, 2025. This appeal followed.

## ANALYSIS

In his appeal brief, Lawson does not refer us to any case law, but instead relies solely upon Kentucky Revised Statutes ("KRS") 532.032 and 532.033 (Kentucky's general restitution statutes) and KRS 533.020 to argue the circuit court could not enforce the restitution order after he completed his incarceration. Statutory interpretation is an issue of law, which we review *de novo*. *Jefferson Cnty. Bd. Of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky. 2012) (citation omitted). "[T]he plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source." *Maysey v. Express Servs., Inc.*, 620 S.W.3d 63, 71 (Ky. 2021) (quoting *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017)).

This Court has stated that KRS 532.032 is the generally applicable restitution statute. *Fields v. Commonwealth*, 123 S.W.3d 914, 916 (Ky. App. 2003). Restitution is not an additional punishment, but rather "a system designed to restore property or the value thereof to the victim." *Vaughn v. Commonwealth*, 371 S.W.3d 784, 785 (Ky. App. 2012) (quoting *Commonwealth v. Bailey*, 721 S.W.2d 706, 707 (Ky. 1986)).

-4-

KRS 532.032 mandated an award of restitution in this case.

> (1) Restitution to a named victim, if there is a named victim, *shall* be ordered . . . in addition to any other part of the penalty for any offense under this chapter. The provisions of this section shall not be subject to suspension or nonimposition.
>
> . . .
>
> (3) If probation, shock probation, conditional discharge, or other alternative sentence is granted, restitution *shall* be a condition of the sentence.
>
> (4) If a person is sentenced to incarceration and paroled, restitution *shall* be made a condition of parole.

(Emphasis added.)

Then, when a judge orders restitution, KRS 532.033 states, in relevant part, that the judge shall:

> (1) Order the restitution to be paid to a specific person or organization through the circuit clerk, who shall disburse the moneys as ordered by the court;
>
> . . .
>
> (3) Set the amount of restitution to be paid;
>
> (4) Set the amount and frequency of each restitution payment or require the payment to be made in a lump sum;
>
> . . . and
>
> (8) Not release the defendant from probation supervision until restitution has been paid in full and all other aspects of the probation order have been successfully completed.

*Commonwealth v. Adams*, 566 S.W.3d 225, 229 (Ky. App. 2018). Finally, KRS 533.030(3) provides that when there is a named victim who has suffered monetary damages, the circuit court must order restitution "in addition to any other penalty provided for the commission of the offense."

Here, the circuit court complied with all the due process requirements of KRS 532.033, providing the details for payments to Hanson. Lawson agreed to these terms as part of his plea agreement. As noted above, KRS 532.033 requires the court to perform monitoring to ensure that payments are occurring; to hold a hearing if restitution is not being paid; and finally, to not release the defendant from probation until restitution is paid in full. KRS 532.033(5)-(8). In this case, the court followed those steps, until Lawson absconded, failed to pay, and stipulated to revocation of his probation.

He now argues that the restitution obligation was only a condition of his probation, and once his probation was revoked, the restitution component of his judgment and sentence was also terminated. Lawson claims that pursuant to KRS 533.020(4) the trial court was required to issue "a separate restitution order" and extend his probationary period to enforce payment of his restitution obligation. We disagree.

KRS 533.020(4) states:

The period of probation . . . shall be fixed by the court and at any time may be extended or shortened by duly entered

-6-

court order or as modified by the Department of Corrections through the application of probation program credits under KRS 439.268. . . . Upon completion of the probationary period . . . the defendant shall be deemed finally discharged, provided no warrant issued by the court is pending against him, and *probation . . . has not been revoked.*

(Emphasis added.) KRS 533.020(4) does not "deem[] [a defendant] finally discharged" when probation is revoked, as happened here. KRS 533.020(4) provides that for a probationer to be finally discharged, two condition precedents must occur. There can be no pending warrant against the probationer, and the probation must not have been previously revoked. *Whitcomb v. Commonwealth*, 424 S.W.3d 417 (Ky. 2014). Therefore, the procedures of KRS 533.020(4) do not apply to this case.[1]

---

[1] Unlike *Commonwealth v. Wright*, 415 S.W.3d 606 (Ky. 2013), the circuit court timely revoked Lawson's probation. In *Wright*, "six days after the expiration of Wright's probationary period, the Commonwealth filed a motion to revoke Wright's probation based upon his failure to pay restitution." *Id*. at 608. The issue was whether KRS 533.020 and/or KRS 532.033(8) automatically extended or enlarged the probationary period, when a probationer failed to pay his restitution obligation before his probationary period expired; thus, allowing a court to revoke probation due to failure to pay restitution, even after the probationary period had elapsed. *Id.* at 609-614. In *Wright*, the circuit court, this Court, and our Supreme Court answered that question with a resounding no. *Id.* at 608. KRS 533.020(4) is inoperative in this case because the circuit court timely revoked Lawson's probation and ordered him to serve out his one-year sentence of incarceration. Thus, Lawson did not "complet[e] [his] probationary period . . . [to] be deemed finally discharged[.]" *See* KRS 533.020(4). Accordingly, the circuit court had no need to extend Lawson's probationary period. Likewise, our Supreme Court's recent decision in *Commonwealth v. Ellery*, No. 2023-SC-0228-DG, 2025 WL 1197837 (Ky. Apr. 24, 2025), is distinguishable. In *Ellery*, the majority held that the circuit court failed to "enter an order extending Ellery's probation under KRS 533.020(4)," and subsequently lost jurisdiction pursuant to that statute. *Id.* As we have stated, here, upon the timely revocation of Lawson's probation, KRS 533.020(4) no longer applied.

Lawson appears to argue that because KRS 532.032(2)-(4) makes restitution a mandatory condition of continuing to serve an alternative sentence to incarceration, the inverse must be true. That is to say, Lawson believes that his restitution obligation is dependent on him remaining on probation. However, while KRS 532.032(2)-(4) requires an individual serving a sentence other than incarceration – such as probation – to comply with a restitution order, the statute does not make compliance with a restitution order dependent on serving the alternate sentence. We will not deviate from the plain language of KRS 532.032 to add such a requirement. *See Maysey*, 620 S.W.3d at 71 (Ky. 2021) (quoting *Rothstein*, 532 S.W.3d at 648). Although Lawson's probation was in part contingent on paying restitution, paying restitution was not contingent on him remaining on probation.

Our statutes do not preclude restitution from being ordered by the trial court "when a defendant is also ordered to serve a term of imprisonment." *Commonwealth v. O'Bryan*, 97 S.W.3d 454, 457 (Ky. 2003).

> [W]e opine that it is not only logical but it is consistent with the statutory scheme to read KRS 532.032(1) as requiring both payment of restitution and imprisonment. KRS 532.032(2), (3) and (4) cover all of the possible sentencing scenarios other than a defendant being required to serve the prison sentence. Thus, KRS 532.032(1) can reasonably be interpreted to apply to the defendant who must serve the prison sentence. Consequently, we hold that the language of KRS 532.032(1) which states that "[r]estitution . . . shall be ordered . . . in addition to any

-8-

other part of the penalty . . ." requires the trial court to order payment of restitution to the named victim even if imprisonment is also ordered.

*O'Bryan*, 97 S.W.3d at 457; *see also Bailey*, 721 S.W.2d at 707 ("It would be an anomaly to permit restitution to a victim as a part of the probation process of a first offender, which is recognized as available, and then to deny such restitution when the criminal, because of his own conduct, is ineligible for probation."). Furthermore, our Supreme Court has stated that a "trial court retains subject-matter jurisdiction over restitution after entry of the final judgment." *Commonwealth v. Steadman*, 411 S.W.3d 717, 725 (Ky. 2013). In *Steadman*, "restitution was raised as part of the criminal sentence, and as such was subject to all the time limits that affect the sentence." *Id.* The same is true here.[2]

Lawson argues that his restitution obligation was *only* a condition of his probation and "once his probation was terminated, the restitution component of the judgment was also terminated[,]" but we do not agree. To interpret a trial court's order, "we apply substantially the same principles of construction as we do

---

[2] Lawson argues vaguely that the trial court "lost jurisdiction" to continue monitoring restitution. If Lawson is challenging **subject matter jurisdiction** (the court's authority to determine 'this kind of case'), that argument fails because a trial court *retains* subject matter jurisdiction over restitution after entry of the final judgment for a felony offence. *Steadman*, 411 S.W.3d at 725. If Lawson is challenging the court's **jurisdiction of the particular case** (a court's power to affect its own judgment within ten days of entry), that argument fails as well because he did not challenge the judgment itself (and the restitution obligation within it) within ten days. *See Steadman*, at 721, 725. ("[A] trial court *loses jurisdiction* of a case ten days after entry of a final order or judgment." And, when "restitution was raised as part of the criminal sentence, . . . [it] was subject to all the time limits that affect the sentence.").

-9-

in interpreting statutes[,]" *i.e.*, "where the language of the order is clear and unambiguous, we will construe the order according to its plain terms." *Wright*, 415 S.W.3d at 609 n.2 (quoting *Crouch v. Crouch*, 201 S.W.3d 463, 465-66 (Ky. 2006)). Here, the trial court's order is clear and unambiguous.

In the judgment and sentence, the court sentenced Lawson to restitution *and* imprisonment. The judgment and sentence states that Lawson was sentenced to: (1) pay $1,575 in restitution, (2) begin restitution payments on June 1, 2023 in the amount of $200 per month; (3) pay through the circuit court clerk with the 5% service fee; and (4) serve a maximum term of one year imprisonment, probated for three years. Clearly, restitution and incarceration are separate and distinct aspects of his sentence. True, the judgment states that Lawson "shall not be released from probation supervision until **restitution** has been paid in full[,]" but that does not negate the fact that the restitution was also an independent, explicit part of Lawson's sentence.

Further, the judgment and sentence met the statutory requirements for an order of restitution and, thus, became a valid restitution order. *See* KRS 532.033.[3] As noted above, KRS 532.033 requires the court to perform monitoring

---

[3] We note, for distinction, *Rollins v. Commonwealth*, 294 S.W.3d 463 (Ky. App. 2009). In *Rollins*, the plea agreement and judgment mentioned restitution, but the judgment and sentence never determined the amount of restitution or otherwise established a valid restitution order. *Id.* at 464-66. The Commonwealth waited seven years, "once Rollins had 'served out' his sentence, . . . [to] file[] a motion to establish the amount of damages." *Id.* at 464. By that time, "there [was] no applicable statute which would have extended jurisdiction to the court[.]" *Id.* at 466.

to ensure that payments are occurring; to hold a hearing if restitution is not being paid; and finally, to not release the defendant from probation until restitution is paid in full. KRS 532.033(5)-(8). In this case, the court followed those steps until Lawson absconded, failed to pay, and stipulated to revocation of his probation.

Moreover, Lawson's judgment and sentence were a result of *a plea deal*, in essence, a contract with mutually agreed-upon, enforceable promises. *See Commonwealth v. Morseman*, 379 S.W.3d 144, 149-50 (Ky. 2012). Further, the court verbally informed Lawson of his continued, mandatory restitution requirement – without his objection – at his sentencing, probation revocation hearing, *and* the May 22 status hearing. Essentially, Lawson is now contesting an aspect of his plea deal/sentence that he previously agreed to and repeatedly, subsequently acknowledged. Simply, he is not arguing he did not agree to restitution, but only that he should not be held to his agreement (and judgment and sentence) because he fulfilled *one* of the two terms of his sentence. We do not find this "I changed my mind" argument to be persuasive.

The judgment and sentence explicitly provided that Lawson would not be released from supervision "until restitution was paid in full" and all other aspects of probation were completed. He then violated his probation, stipulated

Here, the circuit court's original judgment and sentence satisfied the requirements of KRS 532.033 and established a valid restitution order.

-11-

that he had done so, and agreed to serve his sentence. The circuit court emphasized and wrote on the docket sheet from the hearing that a restitution hearing would occur upon completion of the sentence. All of this took place within the probationary period and within the trial court's jurisdiction. By serving his time, after violating his probation, Lawson completed only part of the total sentence given by the circuit court. Therefore, we find no error.

## CONCLUSION

Accordingly, we AFFIRM the Washington Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky